PERRY VS HEWLETT, et. al.

*Of the breach of covenants, impossible to be performed.*

1. The covenant of the hirer of a slave, to return it to the owner at the expiration of the term,—is discharged by the death of the slave.
2. But the hirer of a slave is bonnd, on his covenant to pay the price agreed on, notwithstanding the death of the slave, before the term of service expires.
3. But where, on an entire contract, by covenant, to pay a particular sum for the hire of *two* slaves for a certain term, one of the slaves dies, and the other is taken by the owner, out of the possession of the hirer, without his consent, before the expiration of the term,—the covenant of the hirer to pay for the hire of both slaves, is thus discharged.

In this case, an action of covenant, was brought by Aaron Perry, against Augustin A. Hewlett, Augustin Hewlett and William Milligan, in the Circuit Court of Morgan. The cause of action, was an agreement under seal, whereby the defendants, on the twenty-third of December, eighteen hundred and thirty-three, covenanted to pay the plaintiff the sum of one hundred and fifty dollars, for the hire of two negroes, and to return them on the twenty-fifth day of December, eighteen hundred and thirty-four.

The case was tried on the plea of covenant, performed, with an agreement that any matter might be given in evidence, which would constitute a de-

fence: and under this plea, the case was submitted to a jury, and a verdict found for the defendants.

The case was removed into this Court, by a writ of error, founded upon a bill of exceptions, which disclosed the following circumstances, to wit:—

The plaintiff after producing and reading in evidence, the covenant declared on, proved that Augustin A. Hewlett, had the possession of the slaves, from the date of the covenant, until sometime in the month of June thereafter,—when one of the slaves, a female named Fanny, died. That the surviving slave, on being permitted to visit the plaintiff, shortly afterwards, was detained by him.

The Court charged the jury, that the death of the female slave, if it occurred without the fault or negligence of the defendants,—discharged the covenant to return her.

Also, that if the plaintiff detained the surviving slave from the defendant, for a part of the term of hiring,—the covenant to pay for the hire of both slaves, was discharged.

The plaintiff also submitted in testimony, a writ, issued, in a suit then pending, from the office of the clerk of the Circuit Court of Morgan county, wherein the defendant, Augustin A. Hewlett, was the plaintiff, and Perry, the defendant; and which purported to have been brought to recover damages for the detention of said surviving slave, by the said owner.

The plaintiff asked the Court to charge the jury, that by reason of defendant's suit against the plaintiff, to recover damages for the detention of the said

slave, no advantage could be claimed of such deten-
tion, on said trial. Which the Court refused.

The cause was argued here by *S. Parsons*, for
the plaintiff in error, and by *M' Chung*, contra.

HOPKINS, C. J.—This was an action of cove-
nant, which was tried upon an issue, taken to the
plea of covenants performed, with leave to the de-
fendants, to give any special matter in evidence,
which would constitute a good defence. On the
trial of the cause, in the Circuit Court of Morgan
county, it was proved that the bond, dated the,
twenty-third of December, eighteen hundred and
thirty-three, containing the covenants, for the al-
leged breach of which, the action was brought, was
made by the defendants, upon the hiring of two
slaves by the plaintiff, to the defendant, Augustin
A. Hewlett, for the year eighteen hundred and thir-
ty-four.

The defendants covenanted, among other things,
to pay to the plaintiff, on or before, the twenty-
fifth of December, eighteen hundred and thirty-
four, for the use of the slaves for that year, one hun-
dred and fifty dollars, and also to return the slaves
to him, on the twenty-fifth day of December, eigh-
teen hundred and thirty-four. That one of the
slaves died in the possession of the defendant,
Augustin A. Hewlett, in June, eighteen hundred and
thirty-four, who shortly afterwards permitted the
other one, to go on a visit to the plaintiff, and that
the plaintiff detained the said slave, from the time
of the visit.

After the commencement of this action, the defendant, Augustin A. Hewlett, brought a suit against the plaintiff, for his conversion, for a part of the year, eighteen hundred and thirty-four, of the surviving slave. It does not appear, that the last mentioned action has been determined, and there is no evidence in the record, of any other alleged breach of covenant, than the failure of the defendants' to pay the sum of one hundred and fifty dollars, and return the slave Fanny, who died in June, eighteen hundred and thirty-four.

The Circuit Court gave two several instructions to the jury.—

First—That the death of Fanny, if without fault or negligence of the defendants, discharged the covenant to return her.

Second.—That if the plaintiff detained the other slave from the defendants, for a part of the year, for which they had hired the slave, they were discharged from their covenant to pay the hire of both slaves.

The Court refused to instruct the jury, that the action, which Hewlett had brought for the partial conversion of the surviving slave, destroyed the right of the defendants to insist, they were discharged from their covenant to pay hire. To the instructions, and to the refusal of the Court to instruct, the plaintiff excepted.

The first question made in this case was, whether the plaintiff be entitled to recover the value of the slave, Fanny. His right to do so, was asserted to be the effect of the failure of the defendants, to perform their express covenant to return the slave.

5 P. 41.

It is admitted that if the obligation were implied by law, it would be discharged by the death of the slave, without the negligence of the defendants.— But a distinction has been established by decisions, between obligations imposed by law, and those created by the terms of contracts. In the latter, the obligation is not impaired, by events, which will excuse a party from the former.* The distinction rests on authority, rather than upon principles of reason; but Courts are bound to respect it.†

The express covenant of a tenant, to leave the lease-hold premises in good repair, binds him to repair any injury to them, or answer in damages for his failure to do so, although the injury was caused by an act of God, or of a public enemy. The destruction of the premises from such causes, will not excuse him from the payment of the rent, which he had covenanted to pay.‡

It is clearly settled also, that a contract, to do an act, which it was lawful to do, when the contract was made, will be discharged by a statute passed afterward, and before the day of performance, prohibiting such an act. It is a good excuse for the failure to perform an obligation, condition or promise, possible when either was entered into, that it became impossible before the day fixed for performance.§

Where a person let to main-prize, dies before the day when his main-pernors are bound to produce him, their obligation is discharged. It is a good excuse for not returning a borrowed horse, which the bailee had promised to return, upon the request of the bailor, that the horse died without the de-

PERRY *vs* HEWLETT, et al.

fault of the bailee, before a request was made; and a covenant to leave a wood in as good plight as the wood was in, when the lease was made, will be discharged, by the destruction, afterward, of the wood by a tempest.*

The most obvious difference, between the cases of express covenants of tenants, and the others which have been mentioned, is, that in the former, the accident, although it was unavoidable, which produced the injury, did not necessarily prevent the party from performing his covenant. The same accident; which destroyed the premises, did not make it impossible to rebuild them, or pay rent.—But in the other cases, the inevitable accident, made it impossible to do the act, which the party had agreed should be done.

The defendants in this case, were prevented by the death of the slave, Fanny, without their default, from returning her according to their covenant, and they are entitled to a discharge, from so much of their contract, as the act of God disabled them from performing. By the contract of hiring, the hirer acquired an interest in the slave, during the term fixed by the contract, and the plaintiff, except that interest, retained all the property which he ever had in the slave. The death of the slave, at the time it occurred, caused a loss to the hirer of her services, for the unexpired part of the term, who is not excused, by that event, from the payment of her hire. The hire, is the purchase money, of an interest in the slave, for the term, and that interest, was at the risk of the hirer. The

*1Bac. Abr. 433,- Q. 1 Coke 98. 3 Com. 121. (L. 12.)

death of the slave, terminated the interest in her, of both parties, and there is less plausibility, in the reasoning, which was employed to make the hirer, an insurer of the property of the master, than there might be, in an argument, to shew the claim of the former against the latter, for indemnity, for the loss of the slave, for a part of the term. The latter, transferred an interest, in the slave, for a year, upon an adequate consideration. If during the term, a third person had sued the hirer of the slave, and recovered her, upon a better title than the plaintiff's, the recovery would be conclusive against the title of the plaintiff, if he received notice of the pendency of the suit, in time to defend it.

After such a result of an action against the hirer, his failure to return the slave at the end of the term, would be no breach of covenant, for which a complaint of the plaintiff ought to be entertained. In such a case, the hirer's loss of the possession, and inability to return the slave, would be the consequences of the breach of the plaintiff's own implied warranty, of the title and the possession, to the bailee, during the whole term, and no hire could be recovered. The event which put an end to the interest of both parties in the deceased slave, determined with higher authority, than can be claimed for the judgments of human tribunals, that the plaintiff never had a title to her which could endure any longer.*

*5 Munf. Rep. 483. Platt on Cov. 87. 1 Law Li. 87.

If in the contract of hiring, the separate hire of each slave had been fixed, the right of the plaintiff to recover the hire of the deceased one, would be un-

questionable; but the covenant is to pay one hundred and fifty dollars, as the hire of both slaves.— The parties never agreed as to the separate hire of either, and the Court has no power to make a contract for them in this respect.* *1 Bibb's Rep. 536.¦ 1A la. Rep 257. 4 Hayw. Rep. 10.

As the contract is entire, and the plaintiff deprived the hirer of the possession of one of the slaves, for part of the term, the next question is, whether he has a right to recover any thing. Hiring is one species of bailment, and one of the implied obligations of the bailor, is to do no act, which will deprive the bailee of the thing, during the time of the bailment.† †Story on Bail. 255,-256,-262.

The covenant of a landlord, to repair or rebuild, and that of a tenant to pay the rent, are independent of each other, and a breach of the latter, cannot be defended, upon the ground that the landlord refused to rebuild the premises which had been destroyed. Yet if a landlord evict his tenant, no rent can be recovered.‡ ‡Platt on Cov. 197. 1 Law Li. 81. 1 Ld. Ram. 77,—369. 1 Term R. 671. Co. Litt. 148. Cowp. R. 242.

The same doctrine is applicable to a claim for wages or hire, where a bailor has deprived the bailee of the possession of the thing, before the end of the period of the bailment.§ §1 Salk. Rep. 65.

The plaintiff is not entitled to recover any thing as hire of the slave, which he detained from the hirer, during the latter part of the term; and as the contract to pay the hire of both is entire, nothing can be recovered.—*Cutler vs Powel.*¶ ¶6 Term. R. 326. 1 Salk. 65.

It is not necessary to consider, whether the defendant Hewlett, is entitled to the remedy which he sought by his action, against the plaintiff.—

Neither a right to a remedy, nor the want of one, for the illegal act of the plaintiff, in detaining the surviving slave, conld restore the right to hire, which was forfeited by the plaintiff's own wrong.

The Court is of opinion that there is no error in the instructions of the Circuit Court.

Judgment affirmed.