## MORROW VS. CAMPBELL.

1. To excuse the performance of an express covenant, it must be shewn either that it is prohibited by law, or that its performance has become impossible by the intervention of causes which human agency could not prevent:

2. And where one expressly covenanted to return a deed by a certain day, or pay a sum of money,—and alleged that he casually lost the deed before the day came about for its return: It was held that as the loss of the deed was not shewn to have been occasioned by any cause, which care and prudence could not have prevented, he could not be relieved from the performance of the alternative of the covenant.

3. Where parties themselves have provided the terms on which their contract shall be abrogated, neither can dispense with those terms, without the consent of the other.

4. A party having the custody of a paper, may, upon first proving its existence by a disinterested witness, give testimony to the court of its loss, that secondary evidence of its contents may be let in to the jury.

5. But as a party is incompetent to be a witness in his own case, as to a material fact, he therefore cannot be allowed as a witness to give testimony furnishing an excuse for not returning a paper which he had covenanted himself to return on a certain day, or in case of failure to pay a sum of money.

Error to the Circuit court of Morgan county.

The plaintiff in error brought an action of covenant against the defendant, in the Circuit court of Morgan, upon an agreement under seal: which agreement, after reciting that the plaintiff, as the attorney in fact of George Gamble, had made to Charles W. Peters, a deed to a patent machine (called the *patent revolving washing*

*machine,*) for the Territory of Arkansas, bearing date on the fifteenth of March, eighteen hundred and thirty-three, —proceeded as follows:—" Which deed is delivered by the said Hugh Morrow, agent as aforesaid, to the said Charles W. Peters and William H. Campbell, on this condition,—that the said Peters and Campbell, are to have until the first day of October, eighteen hundred and thirty-three, to return said deed, made to said Peters, for the territory aforesaid, and said contract is to be null and void. If said deed is not returned, said Peters and Campbell are to pay Hugh D. Morrow, agent as aforesaid, the sum of five hundred dollars, on, &c." The defendant pleaded, " covenants performed, with leave to give special matter in evidence."

The defendant proved to the jury, that Peters had notified the plaintiff, about the first of October, eighteen hundred and thirty-three, (but whether before or after that day, it was uncertain,) that he, Peters, would abandon his contract : He then offered to prove, by his own oath, that he had lost the deed mentioned in the agreement, in the Territory of Arkansas, before the first day of October, eighteen hundred and thirty-three. The plaintiff objected to the defendant, as a witness, to prove the loss of the deed, by his own oath : notwithstanding which, the defendant was sworn,—and stated, that he had lost the deed early in September, eighteen hundred and thirty-three—whereupon the plaintiff excepted, &c.

The court charged the jury, that if they believed the deed was lost, and the plaintiff had notice of that fact, previous to the first day of October, eighteen hundred and thirty-three,—their verdict should be in favor of the

Morrow *vs.* Campbell.

defendant. To which the plaintiff excepted, &c. And a verdict being found for the defendant, and judgment thereon rendered, the plaintiff brought his case to this court for revision.

*Hopkins & Parsons*, for plaintiff in error.
*McClung*, contra.

COLLIER, C. J.—The charge of the court supposes that a rescission of the contract was permissible without an actual return of the deed as provided by the agreement; and even by a loss of the deed and notice thereof to the plaintiff, previous to the first day of October, eighteen hundred and thirty-three.

For the purpose of ascertaining what was to be done by the defendant and Peters, to relieve themselves from their obligation to pay the plaintiff the sum stipulated, regard must be had to the terms of agreement. It no where declares, that *a mere loss of the deed, though the plaintiff be informed thereof,* shall absolve them from their undertaking to pay—The court, then, in stating the law to the jury, erred in supposing the proof of these facts, should have that effect.

The parties agreed that the contract should be null and void, if the defendant and Peters returned the deed made by Gamble, (through his attorney) by the first day of October, eighteen hundred and thirty-three. In default of such return, they are to pay to the plaintiff five hundred dollars; on, &c. Here is an alternative agreement, either to perform a certain act or pay a sum of money, and is an express covenant to do one of two things—the

Morrow *vs.* Campbell.

omission to return the deed at the time appointed, makes absolute the undertaking to pay the money.   And it is no answer to an action brought for the non-payment of the money, for the defendant to say, that I would have availed myself of its alternative, had not circumstances beyond my control prevented.   To excuse the performance of an express covenant, it must be shewn, either that it is prohibited by law, or that its performance has become impossible by the intervention of causes which human agency could not prevent.   To illustrate the latter excuse; if one rents a house which he stipulates to repair—if it be destroyed by lightning, he shall notwith-standing rebuild it; because this is possible. , But if one rent land, and covenant to re-deliver it to the landlord in as good a condition as when he received it; yet if the timber is prostrated by a tempest, he shall not be held to a performance; because the injury was a result beyond human prevention, and reparation impracticable. If, however, in the case last supposed, the tenant had suffered the fencing to be destroyed, and the fruit or ornamental trees to be injured by cattle, he wonld be responsible for the injury in damages.

In the case at bar, the defendant does not bring himself within the principle of the cases, which relieve from the performance of express covenants.   The loss of the deed is not pretended to have been occasioned by any cause, which care and prudence could not have prevented, and we cannot well conceive how it could have been lost, otherwise than from the want of carefulness.   It has, however, been urged, that as the deed could subserve no purpose in the hands of the plaintiff, there

Morrow *vs*. Campbell.

could be no necessity for requiring its return before the rescission of the contract. Would not its retention place it in the power of the defendant *to sell patent rights to the prejudice of the plaintiff's interests?* Be this as it may, the parties themselves have provided the terms on which their contract shall be abrogated, and neither can dispense with them, without the consent of the other— McGehee vs Hill, (4 Porter's R. 170;) Perry vs Hewlett, (5 Porter 318.)

But even if the charge of the court was unexceptionable, the evidence received in the court below, was clearly inadmissible. The bill of exceptions does not inform us whether the defendant's testimony was addressed to the court or the jury, but as the fact he related was necessary (if available) to be shewn to the latter, we must infer that he gave evidence to the jury; more especially as it appears that there was no other evidence at all satisfactory to that point. The defendant did not propose to show the loss of the deed to the court, and thus lay the ground for the introduction of parol evidence of its contents. But the object of his testimony was to furnish an excuse for the neglect to return it to the plaintiff. That a party who has had the custody of a paper, may, upon first proving its existence by a disinterested witness, give testimony to the court of its loss, that secondary evidence of its contents may be let in to the jury, is well settled, at least, in this State—Bass vs Brooks, (1 Stew. R. 44.) But no authority within the range of our researches maintains the competency of a party to become a witness in his own cause, as to facts material to be shewn to the jury, either in the prosecution or de-

fence of a cause.    That this departure from the rules of evidence was tolerated in the present case, we are constrained to conclude.

The result of our inquiries is, that upon each of the points presented by the bill of exceptions, the Circuit court erred.

The judgment is consequently reversed, and the cause remanded.