## PETTY *vs.* GAYLE.

1. When a slave, who is hired for one month, does not work the full term, no recovery can be had upon the contract, as it is entire.
2. Evidence of a particular usage to pay *pro rata* on a contract of hiring if the slave does not work the full term agreed on, cannot be received, since the usage, if proved, could not be recognized.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. C. W. RAPIER.

GEORGE B. GAYLE, suing for the use of W. A. Williams, having recovered a judgment against George Petty, before a justice of the peace, for $13 12, the defendant took an appeal to the Circuit Court, where the plaintiff filed a statement claiming "$15 for negro hire." Both parties were examined as witnesses in the Circuit Court. The plaintiff testified, that he had hired the slave to the defendant for one month, at $15 per month; that he afterwards, before the expiration of the month, under the impression that the slave had worked out his month with Petty, hired him to one Reeder for a month, but was afterwards induced by Williams, for whose use the suit was brought, to send him back to finish his month with Petty. Williams testified, that he had presented to Petty Gayle's order for $15, which he accepted to be paid when the slave had completed his month; that the order was subsequently lost, and when he called on Petty for payment, the latter refused to pay, alleging that the slave had not worked one month; that he then induced Gayle to send the slave back to complete the term, which the latter did, and the slave returned and worked one day and a half, Petty claiming two days. The defendant testified, that he had hired the slave for the term of four months, at $15 per month, and would not have hired him at all for a less term; that the slave only worked twenty-three and three-fourths days, while twenty-six working days were always computed as a month; that the universal custom in Mobile was, to pay only for a full month of twenty-six working days, unless there was a special contract to the contrary. One Geyer, however, testified, that

the custom was, to collect hire, *pro rata*, for so much of the month as the slave serves. The court rendered judgment for the plaintiff for $13 83, and this is assigned for error.

J. Y. BLOCKER, for the appellant, contended that the contract was entire, and therefore no recovery could be had for a partial performance.—Saund. Pl. & Ev. 126 ; 6 Term Rep. 320 ; 19 Johns. 337; 13 Verm. 268 ; 17 *ib.* 355 ; Parsons on Con., p. 522; 1 Stew. 29; 6 Ala. 83; 3 *ib.* 440, 676.

WILLIAM BOYLES, *contra,* contended that Petty had a special property in the negro during the entire month, and must bear the loss of his neglect or refusal to work ; that Petty's acceptance of Gayle's order, in favor of Williams, before the money was due, bound him to pay it, without reference to the contract between him and Gayle ; that the evidence established plaintiff's right to recover the full sum claimed, and defendant could not therefore complain that the court gave judgment for less.

GOLDTHWAITE, J.—As to the contract itself, the only difference between the witnesses who were examined was, as to the length of time of the hiring—whether it was for one month, or four months ; but this is entirely an immaterial matter, as all the witnesses agree that the slave did not work one month. Whether the hiring was for one month, or four months, it was an entire contract, and must be governed by the rules of law applicable to that class of agreements. Neither is there any disagreement between the witnesses as to the fact, that, when a contract is made for the hire of a slave by the month, it means in Mobile, where this contract was made, that twenty-six days' work is to be done. Thus explained by the evidence, the contract, if for the shorter term, as testified to on the part of the plaintiff below, was, in legal effect, the same as if it had contained an express stipulation on the part of Gayle that the slave should work twenty-six days for Petty ; and upon that contract, the latter could not have been compelled to pay anything, if the slave did not work the specified number of days ; and as there is no room for doubt upon that point, the judgment became a question of law upon the facts, and should have been for the defendant.

31

We have said nothing as to the evidence of a usage in Mobile to pay *pro rata* in contracts of hire, where the slave fails to work the full time agreed on, for the reason that, if proved, it could not be recognized. A particular usage may be given in evidence to influence the construction of a contract, or to explain the sense in which words or terms are used; but when the contract is established, and is not governed by the commercial law, it is not allowable to change its character, and attach to it conditions in opposition to the established rules of law.—West v. Ball, 12 Ala. 340.

The ruling of the court was, in effect, that a partial performance of an entire contract would entitle the party to a *pro rata* compensation; this was error.—Perry v. Hewlett, 5 Port. 318.

The judgment must be reversed, and the cause remanded.