# Treadwell v. Torbert.

119   279
d122  300

*Bill in Equity to Cancel Conveyance for Illegality of Consideration.*

1. *Compounding felony; equity will not relieve against deed made on such consideration.*—Equity will not annul and set aside a deed to lands made by a married woman in consideration that the grantee should suppress a criminal prosecution for a felony pending against her husband; the general doctrine prevailing in courts of law and equity, is, that the law leaves all who share in the guilt of an illegal or immoral transaction where it finds them. It will neither lend its aid to enforce such contracts, while executory, forming part of the

[Treadwell v. Torbert.]

transaction, nor will it undo or rescind such contracts when executed.

APPEAL from Geneva Chancery Court. Tried before Hon. JERE N. WILLIAMS.

The bill in this case was filed on August 16, 1897, by the appellant, Fannie O. Treadwell, against C. C. Torbert. It was averred in the bill that on June 27, 1895, the respondent executed and delivered to the defendant a deed to certain specifically described land, which was her separate estate; that the recited consideration of $1,500.00 was false; that the circumstances under which the deed was executed were as follows: That in May, 1895, the defendant, C. C. Torbert, made an affidavit before a justice of the peace, charging H. P. Treadwell, the husband of the complainant, with the offense of obtaining money, to the amount of $800, from him, Torbert, by false pretenses. A warrant was issued upon this affidavit and Treadwell was arrested upon said charge. Immediately after the arrest of H. P. Treadwell, C. C. Torbert agreed to stop the criminal prosecution and dismiss the same if H. P. Treadwell would get a deed from his wife, the complainant, conveying to Torbert the lands described therein. That the deed was obtained, and thereupon the prosecution was ended and dismissed by the appellee. It was then averred that the only consideration for the execution of the deed from the complainant to the defendant was the dismissal of the criminal prosecution against the complainant's husband. The prayer of the bill was that said deed be declared void and inoperative and be cancelled. The respondent moved to dismiss the bill for the want of equity. Upon the submission of the cause upon this motion, the chancellor rendered a decree granting the motion and ordering the bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

W. O. MULKEY, for appellant.—The conveyance was illegal and void.—*Moog v. Strong,* 69 Ala. 100; 1 Add. Con. 258; *Springfield, &c. Ins. Co. v. Hull,* (Ohio), 37 N. E. 1116; *Buffalo Press Club v. Green,* 33 N. Y. 586; *Mills v. Huggins,* (Ga.) 24 S. E. 146. The doctrine in *pari delicto* does not obtain under the facts in the case.—*Moog*

*v. Strong,* 69 Ala. 100; *Bell v. Campbell,* (Mo.) 25 S. W. 359; *Hope v. Lindon Park,* (N. J.) 34 Atl. 1070; *Irvin v. Irvin,* (Pa.) 32 Atl. 445. It is not shown complainant had anything to do with the agreement to dismiss the prosecution, and hence *Clarke v. Tolbert,* 67 Ala. 92, is not opposed to appellant's contention. Under the allegations of the bill the law may well raise the presumption that appellant executed the deed under duress.—6 Am. & Eng. Encyc. of Law, 57; *Blackmer v. Breare,* 48 Ala. 75.

GEORGE P. HARRISON, *contra.*—In this case the doctrine in *pari delicto portior est conditio defendentis et possidentis* applies. The contract in this case having been executed, the law leaves all who have shared in its illegal transaction, where it finds them, and will not interfere to rescind the contract and recover the consideration. *Clarke v. Colbert et al.,* 67 Ala. 92; *Black & Manning v. Oliver,* 1 Ala. 449; Addison on Contract, 258; 1 Brickell's Dig. 381; *Collins v. Blantern,* 1 Smith Leading Cases, 161, and English notes; Benjamin on Sales, 503 and 504; *Walker v. Gregory,* 36 Ala. 179; *Meyers v. Meinrath,* 101 Mass. 367; 1 Story Eq. Jurisprudence, 298; 2d Ed. Am. & Eng. Encyc. of Law, Vol. 6, 414; *Inhabitants of Warrenton v. Eaton,* 11 Mass. 368; *Smith v. Rowley,* 66 Barb. (N. Y.) 502; 2d Ed. Encyc. of Law, Vol. 6, p. 416; *Moon v. Adams,* 8 Ohio, 372; 32 Am. Dec. 723.

BRICKELL, C. J.—If the facts stated in the bill (or petition, as it is styled), were embodied in an indictment, they would constitute the offense of compounding felony, as it is described in the statute.—(Cr. Code, 1896, §4427). The general doctrine prevailing in courts of law and of equity is, that the law leaves all who share in the guilt of an illegal or immoral transaction, where it finds them. It will neither lend its aid to enforce contracts, while executory, forming part of the transaction; nor will it undo or rescind such contracts when executed.—3 Brick. Dig. pp. 144-47. The case made by the bill falls within this doctrine, and is, in all respects, strictly analogous to *Clarke v. Colbert,* 67 Ala. 92. It may be matter of regret now, with the complainant, that she parted with her land, to procure the discharge of her

husband from prosecution for the grave criminal charge preferred against him, and for which he was under arrest. The courts are bound to leave her where they find her. As was said in a kindred case: "If men in consummation of frauds, employ instruments, binding and conclusive in their legal operation and effect, it is sound reason, good policy, sheer justice, to leave them where they have placed themselves, bound as they have bound themselves, without assistance from the courts to unloose them, when it becomes their interest to be unloosed, encouraging them and others to commit similar frauds."—*Williams v. Higgins,* 69 Ala. 517. The decree of the chancellor must be affirmed.

Affirmed.