## WILLIAM DIAZ'S CASE.

Suffolk.   November 20, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Workmen's Compensation Act.*

Under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, on an appeal to this court from a decree of the Superior Court upon a review of a decision of the Industrial Accident Board, the decree appealed from has "the same effect . . . as though rendered in a suit duly heard and determined by said court, except that there shall be no appeal therefrom upon questions of fact," and the finding of the Industrial Accident Board on any question of fact has the same weight and effect as the verdict of a jury; so that a decree of the Superior Court founded on findings of the Industrial Accident Board that an employee was incapacitated for work during a period between two dates named in consequence of his physical injuries and nervous shock and disturbance resulting from an injury for which he was entitled to compensation, is not to be disturbed if, as in the present case, there was evidence on which the finding could have been made.

DE COURCY, J. The employee was standing in a freight elevator and carrying a hod of bricks on his shoulder, when the elevator suddenly dropped a distance of five stories. He was much bruised in his chest, back and side, and was taken to a hospital for treatment.

The Industrial Accident Board, after a hearing, affirmed and adopted the findings of the committee of arbitration, and found that the employee was incapacitated for work from March 10, 1913, the date of the accident, to May 22, 1913, in consequence of his physical injuries and the nervous shock and disturbance; that he was entitled to medical and hospital services during the first two weeks after the accident, and to compensation from March 24, 1913, to May 21, 1913, both dates inclusive, or $64.90, in full for all incapacity for work resulting from the injury sustained by him. The Superior Court* made a decree in accordance with this decision, and the case is here on the appeal of the insurance company from that decree.

The workmen's compensation act expressly provides that such decree of the Superior Court "shall have the same effect . . . as though rendered in a suit duly heard and determined by said court, except that there shall be no appeal therefrom upon questions of fact." St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14. No ruling of law made or adopted by the Industrial Accident Board is before us for review. The contention of the insurance company is that the employee did not suffer any injury which would incapacitate him beyond the first two weeks. But the finding of the Industrial Accident Board on that question of fact has the weight and effect of the verdict of a jury. Clearly we cannot say that the facts stated in the report do not warrant the finding of the board as to the extent of the employee's injuries, especially in view of the report of a duly qualified impartial physician that in his opinion the injured employee was not malingering, and that the ten weeks' idleness was not due to dishonesty or laziness, or a hope of gain. See *Pigeon's Case,* 216 Mass. 51.

*Decree affirmed.*

*N. F. Hesseltine,* for the insurer.
No counsel appeared for the employee.

---

* By *Jenney,* J.