## LESTER NICKERSON'S (dependent's) CASE.

Suffolk. March 19, 1914. — May 25, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Workmen's Compensation Act.*

The fact that an injury to an employee was occasioned by his disregard of an order of his employer is not decisive against him to show that he was "injured by reason of his serious and wilful misconduct" within the meaning of the workmen's compensation act.

Where a whitewasher employed in a factory had been directed to do the part of his work that was near the machinery and shafting during the noon hours when the machinery was not in motion, and, in answer to a question from him as to when he should do a certain wall near the shafting, was told by his employer's superintendent that it was to be done during the noon hour after the machinery was stopped and that it then was about half past eleven o'clock, and about five minutes later the whitewasher began to work at this place, expecting that the machinery would be stopped at noon when he would continue to work with the machinery at rest, but his clothing was caught by a projection on the collar of the shafting and he received injuries that caused his death, it was *held*, that the Industrial Accident Board were warranted in finding that this action of the employee in disobedience of an order was not "serious and wilful misconduct" within the meaning of St. 1911, c. 751, Part II, § 2, which would prevent an award of compensation to his dependent widow.

APPEAL from a decree of the Superior Court under St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, from a decision of the Industrial Accident Board.

The case was heard by *Wait*, J. The material facts relating to the question raised by the appeal and the finding of the Industrial Accident Board thereon are stated in the opinion. The judge made a decree awarding to Nora Nickerson as the dependent widow of Lester Nickerson, the deceased employee, a weekly compensation of $6.50 for a period of three hundred weeks from August 1, 1912. The insurer appealed, contending that the injury which resulted in the death of the employee was incurred by reason of his serious and wilful misconduct and that therefore under St. 1911, c. 751, Part II, § 2, his dependent widow could receive no compensation.

*R. H. Willard*, for the insurer.

*J. M. Hoy*, (*S. T. Crawford* with him,) for the dependent widow.

SHELDON, J. The insurer contends that this injury happened by reason of the employee's "serious and wilful misconduct," and so that no compensation can be awarded therefor. St. 1911, c. 751, Part II, § 2. He was employed to do general cleaning, painting and whitewashing. Some of his work had to be done near machinery and shafting, which when in motion would involve danger; and he had been directed to do this work during the noon hours, when the machinery was stopped. At about half past eleven o'clock on the forenoon of the day on which he was injured, the superintendent, in answer to a question from him about work on a wall near the moving shafting, said to him,

"We will do that during the noon hour, after the machinery is stopped," and told him also that it was about half past eleven and that he (the superintendent) would find out the correct time and report it to him. The employee went to work at this place about five minutes later, expecting that the machinery would be stopped at noon, when he would continue the work with the machinery at rest. His clothing was caught by a projection on the collar of the shafting, his body was drawn around the shafting, and he received injuries which caused his death.

"Serious and wilful misconduct" is a very different thing from negligence, or even from gross negligence. *Burns's Case, ante,* 3. *Johnson* v. *Marshall, Sons & Co.* [1906] A. C. 409. It resembles closely the wanton or reckless misconduct which will render one liable to a trespasser or a bare licensee. See *Romana* v. *Boston Elevated Railway, ante,* 76, and the cases there cited on page 83. Its existence under any particular circumstances is usually a question of fact. *Leishman* v. *Dixon,* 3 B. W. C. C. 560. *George* v. *Glasgow Coal Co.* [1909] A. C. 123. *Bist* v. *London & South Western Railway,* 96 L. T. (N. S.) 750.

Here the Industrial Accident Board has found, in accordance with the report of the arbitration committee, that this was not "serious and wilful misconduct"; that "the shafting and machinery were about to stop at any moment, in the mind of this employee, when he could continue to work with absolute safety. His decision to do some whitewashing in this very brief interval seems more like a sudden thought than a wilful act. It seems that it should fairly be regarded as a minor transgression, at most, from his standpoint, and not as serious and wilful misconduct."

Unless this finding is shown to be unwarranted upon the evidence, it now is conclusive. *Donovan's Case,* 217 Mass. 76. *Bentley's Case,* 217 Mass. 79. *Diaz's Case,* 217 Mass. 36. We cannot say that it was unwarranted. The fact that the injury was occasioned by the employee's disobedience to an order is not decisive against him. To have that effect, the disobedience must have been wilful, or, as was said by Lord Loreburn, in *Johnson* v. *Marshall, Sons & Co.* [1906] A. C. 409, 411, " deliberate, not merely a thoughtless act on the spur of the moment."

This case comes well within the rule of the decisions which have been cited. The decree of the Superior Court must be affirmed.

*So ordered.*