# Schloss-Sheffield S. & I. Co. v. Harris.

### Damages for Death of Employee.

(Decided February 8, 1917.  74 South. 347.)

1. **Master and Servant; Injuries to Servant; Question for Jury; Negligence; Safe Place to Work.**—In an action for the death of an employee killed by a fragment thrown off from a rapidly revolving belt wheel, where there was evidence that the wheel had been two or three times previously patched, and that it was old, worn, and unsafe, and that the previous breaks had resulted from the rapid revolution in the use for which it was designed, it was a question for the jury whether the employer was negligent in failing to keep the ways and works in safe condition, as required by Code 1907, § 3910.

[Schloss-Sheffield S. & I. Co. v. Harris.]

**2. Master and Servant; Injuries to Servant; Question for Jury; Cause of Injury.**—In an action for the death of an employee killed by a fragment thrown off by a rapidly revolving belt wheel, where there was evidence that the wheel had been previously repaired two or three times merely by riveting new pieces in place of those broken off, it was a question for the jury whether the defendant had reasonable knowledge of the defect in the wheel in time to have repaired it, even though the fragment which killed the employee was not one of the new pieces which had been riveted on.

**3. Master and Servant; Trial; Injuries to Servant; Instruction; Burden of Proof; Invading Province of Jury.**—In an action for the death of an employee, portions of the charge stating that if the jury are satisfied from the evidence that there was a defect in the machinery which had been discovered by the agent in charge whose duty it was to repair, and such agent had not repaired the defect in a reasonable time after discovering it, they should find for plaintiff, provided they were not reasonably satisfied that plaintiff's intestate was guilty of negligence which contributed proximately to his own injury which was repeated with slight variation in other parts of the charge, did not qualify the plaintiff's obligation to sustain the burden of proving at least prima facie the negligence imputed to defendant, nor invade the jury's province to decide whether there was contributory negligence.

**4. Trial; Injuries to Servant; Question for Jury; Assumption of Facts.**—In an action for the death of an employee killed by a fragment from a belt wheel which flew off and struck him, portions of the court's charge which stated that if the jury found that the defective condition of the wheel existed at the time, that this condition was the cause of the death, and that the condition was previously known to defendant's agent for a sufficient period to allow a reasonable time to remedy it and that the opportunity was not availed of, they should find for the plaintiff, was not erroneous as unwarrantably assuming the existence of a defect in the condition of the wheel as the means whereby the employee was killed.

**5. Trial; Instruction; Oral Charge; Construction as a Whole.**—The part of the oral charge excepted to must be interpreted in connection with the whole deliverance bearing on the subject or the phase of the cas to which the part excepted to refers.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Margie K. Harris, as administratrix, against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleadings and the facts sufficiently appear. The following excerpts from the oral charge were excepted to:

(1) But if you are satisfied from the evidence there was a defect in the machinery, and this defect had been discovered by the agents or servants of defendant who were in charge of this machinery, and whose duty it was to repair it, and said agent or servant had not repaired such defect in a reasonable time after discovering same, then it would be your duty in that event to find for plaintiff under the first count of the complaint, provided you

are not reasonably satisfied that plaintiff's intestate was himself guilty of negligence which contributed proximately to his own injury.

(2) Now, when defendant employed plaintiffs' intestate, it was under the duty to provide for him a reasonably safe place to work, and if defendant did not provide a reasonably safe place to work for plaintiff's intestate, if you are satisfied of that from the evidence, it would be your duty to find for plaintiff, provided you are not reasonably satisfied that plaintiff's intestate was himself guilty of negligence which contributed proximately to his own death.

(3) If defendant did not provide a reasonably safe place for plaintiff's intestate to work, and you are satisfied of that, and are not satisfied from the evidence that he himself was guilty of negligence which contributed proximately to his own injury, it would be your duty to find for plaintiff under the fourth count of the complaint.

(4) If the wheel was defective, and this defect was the cause of plaintiff's intestate's death, it would be your duty to find for plaintiff, unless you further find that plaintiff's intestate himself was guilty of negligence which contributed proximately to his own death, and if you find that he was himself guilty of negligence which contributed proximately to his death, it would be your duty to find for defendant under the first court.

The court then said:

I have gotten the charge a little confused, and in order to get it straight, I charge you that it is incumbent upon plaintiff, in order to recover in this case, to reasonably satisfy your mind that the wheel was defective, and that plaintiff's intestate's death was caused by this defective wheel, and that this defective wheel had been discovered by some one in the employ of defendant who was in charge of this machinery, and whose duty it was to repair the wheel if it became defective, and that said wheel was not repaired in a reasonable time. If they reasonably satisfy you that the wheel was defective, and that some one in the employ of defendant whose duty it was to repair the wheel had discovered it, and did not repair it within a reasonable time, then it would be your duty to find for plaintiff under the first count of the complaint, provided you are not satisfied reasonably that intestate of plaintiff was himself guilty of negligence which contributed proximately to his death. If he was guilty of negligence

contributing proximately to his death he would not be entitled to recover, or if the wheel was not defective plaintiff would not be entitled to recover, or if some one whose duty it was to repair it had not discovered.it, then he would not be entitled to recover. The following charges were refused to defendant:

(2) If you believe from the evidence that no part of the patched part of the wheel broke, then you must find for defendant.

(3) If you believe from the evidence that the wheel broke at places therein where it was not patched, old, worn, and unsafe, then your verdict must be for defendant.

(4) If you believe from the evidence that the wheel which broke and killed intestate was broken only at places therein where it had not been broken or patched theretofore, you must find for defendant.

TILLMAN, BRADLEY & MORROW and L. C. LEADBEATER for appellant.   A. H. CARMICHAEL and W. L. CHENAULT for appellee.

McCLELLAN, J.— (1) Plaintiff's intestate, J. W. Harris, who was then in the service of the defendant (appellant) as "washer foreman," was killed by being hit by a fragment of metal thrown off of a rapidly revolving belt wheel used in defendant's plant.   The case went to the jury on the issues made by a general traverse of the averments of the first count, and several pleas of contributory negligence.   The count was drawn to state a cause of action under the first subdivision of our Employers' Liability Statute (Code, . 3910), and described the defect in the condition of the ways, works, etc., as consisting in the fact that the belt wheel "had in time passed been cracked or broken, and had been patched, and was old, worn, and unsafe." There was evidence tending to establish every phase and feature of these descriptive averments.   There was evidence to the effect that this wheel had been at least twice, if not thrice, previously patched; that it was worn; and (by the witness Wingo, with other testimony) that it was an old wheel.   Under the circumstances shown by this record, it was a question for the jury's consideration whether there was culpable negligence, attributable to the defendant, with respect to the discovery or repair of this defective belt wheel.   The fact, to state the effect of tendencies of the evidence, that it had previously broken while

in rapid revolution, that it had been patched at least twice before this tragedy, that its function was to transmit to other machinery, through a belt, the power the engine imparted to it, that it was thereby driven to rapid revolutions, thus subjecting its unity to the strain of centrifugal force against the effect of which on its parts it had not been theretofore efficient to withstand, that it was repaired, after breaks, by a process of bradding a distinct piece of metal in or across the space in the rim of the wheel, wherefrom the original or the supplied part had been thrown off or broken away, lead very plainly to the conclusion that only the jury could decide the issue of negligence vel non as charged in the first count of the complaint.

(2) It was for the jury to consider whether, under the circumstances disclosed by phases of the evidence, there was negligence with respect to the discovery or the repair of this defective wheel as a wheel. The evidence is without dispute that a fragment of the metal then forming a part of the rim of the belt wheel caused Harris' death. Unless his contributory negligence intervened to defeat a recovery, it is obvious that the proximate, negligent cause of his injury and death—if the jury concluded to negligence as averred in the first count—was the blow inflicted by the piece of metal thrown from the rim of the rapidly revolving belt wheel. Whether this piece of metal was that put on the wheel in the process of repairing it or was a piece originally a part of the rim, and then for the first time disengaged, was, under the evidence, an inquiry peculiarly within the jury's province to decide. It was impossible, in the light of the evidence and of the conflicting inferences generated by the evidence, for the court to say that, even if the piece of metal inflicting the injury was the result of a "new break," its release from its place in the rapidly revolving wheel was not to be ascribed, or rather was not ascribable, to an effect wrought by the process employed to repair the belt wheel whereby an unwelded piece of metal was merely riveted to the ends of the broken arc of the rim of the wheel. The court properly declined to take from the jury's consideration the issues made by the averments of count 1. As indicated, the averments of count 1 charge a defect in the condition of the belt wheel as a unit in the plant's construction and operation. In some parts of the argument of the appellant it seems that an assumption is indulged that the defective condition described in that count was a defective condition restricted to only

the part of the belt wheel added thereto by the bradding process to which reference has been made, and that the means of Harris' injury was limited by the averments to a blow inflicted by the flying off of the part of the belt wheel thus riveted thereto. Such an interpretation of the count cannot, as has been stated, be accepted. The repeated failure of the wheel to withstand the disengaging effect of the natural tendency of rapidly revolving bodies to throw off that part or those parts not so securely attached as to resist the operation of this natural law may—in the jury's necessary to be taken judgment of what was at least reasonable care and precaution in the circumstances shown to have been known to competently authorized representatives of the defendant—have been an entirely sufficient warning to those responsible as the representatives of the common master that as a unit in that service this belt wheel was due either to be removed from its place or not used in that particular service, or repaired to a better, safer end than was done. The second break, preceding Harris' injury, might have been found to contradict the assumption that as thus repaired it was good and reasonably safe. Plainly, this wheel was not as good, as safe, as it was before many inches of its arc gave way, for it is to be supposed that such wheels are properly balanced in their original construction; and to brad in a broken place in the rim another or other metals might be found to have contributed to the destruction of the evenly distributed balance originally designed, thereby imposed upon the places where the riveting was made a greater strain to retain the new part as an element of the rim of the wheel. These considerations, and others might be added, justified the trial court in refusing defendant's requested charges 2, 3, and 4, all of which proceeded upon the erroneous hypothesis that the only lead, under pleading and evidence, to liability was that the repair was itself and alone negligently made; whereas other considerations were present which the determination to repair, after the manner undertaken, may not, in due prudence, have been accorded proper influence or weight.

(3, 4) Four excerpts from the oral charge of the court, together with an explanation given by the court after the exceptions were taken, constitute the remaining assignments of error urged in the brief. These excerpts, together with the court's explanation, when read in the light of the full charge, did not

[Schloss-Sheffield S. & I. Co. v. Harris.]

qualify the plaintiff's obligation to carry the burden of proof to establish, at least prima facie, the negligence imputed to the defendant through the averments of the first count; nor did they invade the jury's province to decide whether pleaded contributory negligence, on the part of Harris, intervened to defeat a recovery under the first count; nor did they unwarrantably assume the existence of a defect in the condition of the ways, works, etc., viz. of the belt wheel, as the mean whereby Harris was injured. Given: A conclusion attained by the jury from the evidence that the defective condition averred in count 1 existed at the time; a further conclusion, likewise attained, that this defective condition was the means of Harris' injury; a further conclusion, likewise attained, that the existence of this defective condition was previously known to defendant's representative for such a period as to allow a reasonable time before Harris' injury in which to remedy this condition, and that the opportunity was not availed of in a way due care and precaution would suggest, and that Harris was injured in consequence of an happening attributable alone to that defective condition—it is manifest, we think, that the proximate cause of Harris' injury must, inevitably, have been ascribed to negligence imputable to the defendant, unless, and solely unless, Harris was himself guilty of contributory negligence precluding his personal representative from a right to recover. The physical condition in which the wheel had been for a long time previous to Harris' injury was not a subject of real dispute in the evidence, viz. that it had been broken and had been repaired in the mode we have stated. A reasonable opportunity to remedy a defective condition in machinery necessarily comprehends a reasonable period of time in which to do so. The hypothesis upon which the court instructed the jury in respect of reasonable opportunity to remedy the defective condition expressly included reasonable time to serve the purpose of the performance of the defendant's duty to exercise reasonable care and diligence to remedy a defective condition, to the end that it might, in case of injury therefrom, avert the consequences of actionable negligence.

(5) Excepted to parts of oral charges given to juries by trial courts must be interpreted in connection with the whole deliverance bearing upon the subject, or the phase of the case to which the excepted to part has reference.

[Birmingham Railway, Light & Power Co. v. Sloan.]

There is no merit in the errors assigned. The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.