(106 So. 799)

BRADLEY et al. v. POWERS. (6 Div. 490.)

(Supreme Court of Alabama. Jan. 14, 1926.)

1. **Street railroads** ⟾110(1)—Count held to allege negligence in allowing street car to collide with automobile.

Count, stating that defendant's agent negligently caused or allowed a street car to collide with plaintiff's automobile, *held* not demurrable in failing to allege "negligently allowed," since word "negligently" qualified both alternatives.

2. **Street railroads** ⟾110(1)—Count held to aver negligence in maintenance of tracks.

In action for damages from collision of defendant's street car with plaintiff's automobile, a count, the gravamen of which was the negligent maintenance of the track so that the rails were four inches above the level of the street, in violation of city ordinance enacted pursuant to Code 1923, § 2017, thereby causing the wheels of the automobile to deflect, *held* not demurrable for failure to aver want of due care in maintenance of defendant's tracks.

3. **Street railroads** ⟾117(33)—Whether automobile driver, thrown into position of danger by condition of track, was negligent in driving forward held for jury.

Where plaintiff auto driver sought, in the exercise of reasonable care, to stop behind a standing street car, and in so doing was thrown into a position of danger by the condition of defendant's track, plaintiff's attempt, in the exercise of a reasonable care, to drive forward to safety, authorized jury to find him free from contributory negligence, in view of the emergency into which he was thrown.

4. **Street railroads** ⟾99(5)—Automobile driver voluntarily driving on track on which car was approaching negligent.

If plaintiff automobile driver, driving behind a street car, voluntarily drove his car on the track for cars going in opposite direction, and was struck by a car on that track, he was guilty of negligence barring a recovery, in absence of negligence after discovery of the peril.

5. **Street railroads** ⟾99(11)—Where automobile driver's view is obstructed, other means must be resorted to.

When automobile driver's view ahead is obstructed, other means must be resorted to in order to avoid a collision.

6. **Street railroads** ⟾103(3)—Negligence of automobile driver not defense, if subsequent negligence of motorman intervened, causing injury.

Negligence of auto driver, in voluntarily crossing street car tracks at a place other than a crossing, and behind a standing street car, would not bar recovery, if subsequent negligence of defendant's motorman of car approaching plaintiff, intervened, causing injury complained of.

7. **Street railroads** ⟾117(3, 7)—Defendant held not entitled to affirmative charge on issues of negligence in control of street car and in maintaining tracks.

Defendant street railway company, with whose car plaintiff's automobile collided, *held* not entitled to affirmative charge on either count of complaint, averring collision was caused by negligence in control of street car and in maintaining tracks.

8. **Trial** ⟾253(6)—Instructions ignoring any phase of evidence properly refused.

Requested instructions, ignoring any phase of evidence upon which jury could find for plaintiff, are properly refused.

9. **Trial** ⟾191(1)—Requested charges, assuming as true matters as to which testimony affords ground for inference of their untruth, properly refused.

Requested charges, assuming as true matters as to which testimony affords ground for inference of their untruth, are properly refused.

10. **Trial** ⟾253(9)—Charges ignoring testimony on question of negligence of automobile driver properly refused.

Requested charges, based upon negligence of plaintiff automobile driver in driving into a place of danger, but ignoring testimony that he was thrown into such place of danger, were properly refused.

11. **Trial** ⟾253(4)—Charges ignoring defendant's negligence after discovery of peril properly refused.

Requested charges, based upon automobile driver's negligence in driving into place of danger, but ignoring defendant's negligence after discovery of peril, were properly refused.

12. **Trial** ⟾295(1)—Instruction is to be construed in connection with court's entire instructions on subject.

Instruction is to be construed in connection with court's entire instructions on subject.

13. **Appeal and error** ⟾1064(1)—That court's charge followed city Code, requiring more of defendant railway company than statute required of it, held immaterial.

In action for damages from a collision between defendant's street car and plaintiff's automobile, alleged to have been caused by the elevation of defendant's rail four inches above surface of paved street, thereby causing skidding of automobile, where it appeared that the space between the tracks and the space of two feet outside thereof was surfaced with chert or other like material, court's charge, based on city Code, stating defendant was required properly to maintain a space of two feet outside of the track, whereas Code 1923, § 2017, requires maintenance of a space of only eighteen inches, *held* immaterial, where the negligence relied on was the condition immediately adjoining the rail, causing a skidding of plaintiff's car.

⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**14. Street railroads** ⟸118(10) — **Failure of charge to require literal proof of condition constituting negligence in maintaining track held not error.**

In action for collision between street car and automobile, where the gravamen of the count was the negligent maintenance by defendant of the track so that the rails were four inches above the level of the street, failure of court, in charge defining issues, to require a literal proof that the rails were four inches above the level of street, *held* not error.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action for damages by J. W. Powers against Lee C. Bradley and J. S. Pevear, as coreceivers of the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendants appeal. Affirmed.

Bradley, Baldwin, All & White and Wm. Douglas Arant, all of Birmingham, for appellants.

A street railway company is not under the absolute duty to maintain its rails on the same grade and level with the street. Code Ala. 1923, § 2017; Code of Birmingham 1917, § 1594. Failure of plaintiff to stop, look, and listen before crossing the railway track was negligence. B. R., L. & P. Co. v. Oldham, 141 Ala. 195, 37 So. 452, 3 Ann. Cas. 333; Anniston E. & G. Co. v. Rosen, 159 Ala. 195, 48 So. 798, 133 Am. St. Rep. 32; Ross v. Brannon, 198 Ala. 124, 73 So. 439; Mobile L. & R. Co. v. McDonnell, 207 Ala. 161, 92 So. 185. If such negligence proximately contributed to cause the injuries complained of, he cannot recover for simple antecedent negligence of the motorman. B. R., L. & P. Co. v. Clark, 148 Ala. 673, 41 So. 829;[1] Merrill v. Sheffield Co., 169 Ala. 242, 53 So. 219; Hilton v. B. R., L. & P. Co., 192 Ala. 474, 68 So. 343; Mobile L. & R. Co. v. Gadik, 211 Ala. 582, 100 So. 837. The law does not impose upon a motorman the duty of providing against what he has no reasonable ground to believe will happen. Schneider v. Mobile L. & R. Co., 146 Ala. 344, 40 So. 761; Mobile L. & R. Co. v. Baker, 158 Ala. 491, 48 So. 119. The motorman may presume that an adult driver of a vehicle, driving toward the track for the purpose of crossing, will look for approaching cars before going on the track. Boyette v. Bradley, 211 Ala. 370, 100 So. 647.

London, Yancey & Brower and Frank Bainbridge, all of Birmingham, for appellee.

On conflicting evidence the affirmative charge is properly refused. St. L. & S. F. v. Dennis, 212 Ala. 590, 103 So. 894; Pac. Fire Ins. Co. v. Burnett, 212 Ala. 287, 102 So. 214. The violation of a city ordinance, the proximate cause of an injury, per se creates a cause of action and establishes liability. Tarrance v. Chapman, 196 Ala. 88, 71 So. 707;

Excelsior S. L. Co. v. Lomax, 166 Ala. 612, 52 So. 347; Briggs v. B. R., L. & P. Co., 188 Ala. 262, 66 So. 95; Wolf v. Smith, 149 Ala. 457, 42 So. 824, 9 L. R. A. (N. S.) 338. See Code Ala. 1923, § 2017; Code of Birmingham 1917, §§ 1594, 1599; B. & E. B. Co. v. Stagg, 196 Ala. 612, 72 So. 164; Slater v. N. J. S. Ry. Co., 75 N. J. Law, 890, 69 A. 163, 15 L. R. A. (N. S.) 840; Groves v. L. R. Co., 109 Ky. 76, 58 S. W. 508, 52 L. R. A. 448. A motorman is required to keep a constant lookout for those using the street. Ala. Power Co. v. Pentecost, 210 Ala. 167, 97 So. 653; Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88. There is no absolute duty on one driving an automobile to stop, look, and listen before attempting to cross a street railway line. Schmidt v. Mobile L. & R. Co., 204 Ala. 694, 87 So. 181. Whether contributory negligence proximately caused the injury was a question of fact for the jury. Payne v. Roy, 206 Ala. 432, 90 So. 605; Hines v. Paden, 204 Ala. 592, 87 So. 88. Requested charges, substantially covered, are properly refused. Killian v. Taylor, 20 Ala. App. 614, 104 So. 446; Feore v. Trammel, 213 Ala. 293, 104 So. 808. Likewise of charges applicable to one count, but ignoring the wrong charged in another count. Ala. F. & I. Co. v. Andrews, 212 Ala. 336, 102 So. 799. And those misleading or stressing a part of evidence. A. G. S. v. Grauer, 212 Ala. 197, 102 So. 125.

BOULDIN, J. The suit is to recover damages to person and property, resulting from a collision of a street car with plaintiff's automobile.

[1] Count 1 of the complaint charges that:

"A servant or agent of the defendants, while acting within the line and scope of his employment by the defendants, negligently caused or allowed a street car, then and there under his control, to collide with plaintiff's automobile."

"Negligently," as here used, qualifies both alternatives, "caused" and "allowed." The count is not demurrable in failing to allege "negligently allowed," etc.

[2] Count 2 of the complaint—

"avers that the said collision, injury, and damages was the proximate result of the negligence of the defendants, in this: That they caused, permitted, or allowed an obstruction, namely, the rails of their said street' railroad on said First avenue, at the place of said collision, to be and remain in said street, to wit, four inches above the surface of said street, and, as a proximate result of said rails being caused, permitted, or allowed to so remain and obstruct said street, the wheels of plaintiff's automobile were deflected from their course, and said automobile was thrown in front of said street car, and caused to collide with said car as aforesaid."

Code of 1923, § 2017, requires street railroad companies to—

---

⟸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Reported in full in the Southern Reporter; not reported in full in Alabama Reports.

"maintain and keep in repair the streets between their rails and for eighteen inches on each side, in such manner as the council may prescribe."

The City Code of Birmingham, § 1594, requires a street railroad company, in laying tracks upon a street or avenue which has been brought to grade, to conform to the exact grade—

"and if such street or avenue has not been brought to grade, then such railroad must be so laid as to conform to the then surface of the street, so as not to interfere with travel over and along such streets."

The elevation of the rails four inches above the surface of the street of a city manifestly interferes with travel over and along the streets of the city. The averments of count two sufficiently charge negligence proximately causing the injury, and the count is not subject to demurrer for failure to aver a want of due care in the maintenance of its tracks. Birmingham E. & B. R. Co. v. Stagg, 196 Ala. 612, 72 So. 164, and authorities there cited.

The evidence tends to show that, at the point of the accident, between Forty-Second and Forty-Third streets on First avenue, defendant operated street cars on double tracks. Inbound cars going west used the north track, and outbound cars going east used the south track. The avenue was paved from the curb line on each side to within a few feet of the tracks; but, between the tracks and a space of probably two feet outside thereof, was surfaced with chert or like material. The evidence tended to show: On the morning of the accident, plaintiff was driving his Ford touring car, following an inbound street car. The paved portion of the street was narrow. The street was crowded with inbound automobiles. The street car came to a sudden stop between crossings because of some automobile obstruction in front. While this street car was standing and obstructing the view as to outbound cars, plaintiff drove his automobile across the south track, and collided with an outbound car.

The evidence, as a whole, would support three alternative inferences as to the manner and proximate cause of the collision, viz.:

First. That on the sudden stop of the inbound street car plaintiff, in bringing his car to a stop, and avoiding another automobile to right or right front, cut his car to the left; that the rails of the north track, wet from rain, and raised some four inches above the level of the adjacent surface, caused plaintiff's car to skid; that his car was thus thrown across the track near the rear of the standing street car, with the front of his automobile extending into the wake of an outbound street car; that he, at that moment, discovered the approaching car, and, in the emergency, tried to drive his car across the outbound track, and failed to clear the track in time to avoid the collision.

Second. That plaintiff, impatient to go, cut his car out of the line of automobiles, drove diagonally across the tracks to pass the standing street car, and thus ran into the outbound street car.

Third. That plaintiff cut across the track, at a point and in a manner which could and would have safely cleared the outbound track, but was so hindered and thrown forward by the skidding of the car that he could not clear the track in time.

[3] Dealing with the first alternative, if the plaintiff, in the exercise of reasonable care, was seeking to bring his car to a stop behind the standing street car, and was thrown into a position of danger by the condition of defendants' track, and, in the exercise of a reasonable care, in view of the emergency, he sought to drive forward to safety, the jury were authorized to find plaintiff free from contributory negligence. In such event, it would follow that the accident may be attributed to the negligence of defendants in maintaining their tracks; or, under further evidence, to this negligence placing plaintiff in a position of peril, followed by the negligence of the motorman on the outbound car, either in failing to keep a proper lookout, or to use proper preventive effort after the discovery of peril. Plaintiff's evidence as to the distance of the outbound street car when discovered by him, with other evidence of the speed and stopping distance thereof, and of the distance it ran after the collision, supports a conclusion by the jury that the motorman discovered, or ought to have discovered, plaintiff's peril in time to have stopped the street car, or so reduced its speed as to allow plaintiff's car to clear the track. The street car struck the automobile at side and rear, and threw it to south of the track. A moment more would have cleared the track.

[4-6] Dealing with the second alternative, if plaintiff voluntarily drove his car on the south track, and was struck by the outbound street car, he was guilty of negligence which would bar a recovery, in the absence of negligence after the discovery of peril. The presence of an obstruction to his view of the approaching street car would not acquit him of negligence. When the view is obstructed, other means must be resorted to in order to avoid a collision. But his crossing the track would not be voluntary, in the sense here used, if, without negligence on his part, he was placed in a position of peril, and, in the exercise of fair judgment in an emergency, he tried to rush his car across. Negligence in voluntarily crossing the track would not be the proximate cause of the injury, if subsequent negligence of defendant's motorman intervened.

Dealing with the third alternative, if plaintiff could and would have safely cleared

the track but for the skidding of the car, the accident may be attributed to the condition of the track as its proximate cause. Driving voluntarily across the track under conditions of safety, but for an unexpected hindrance due to defendants' negligence, would not be proximate contributory negligence on the part of plaintiff.

[7] Under these well-known rules of law applicable to the several phases of the evidence, defendants were not entitled to the affirmative charge on either count of the complaint.

[8] All requested instructions, which ignored any phase of the evidence upon which the jury, as the triors of fact, could find for the plaintiff, were properly refused to defendants.

[9] Charges, which assume as true, matters as to which the testimony affords ground for inference of their untruth, are properly refused.

[10, 11] Charges based upon negligence of plaintiff in driving into a place of danger, but ignoring testimony that his coming into the place of danger was not his voluntary act, as defined above, or ignoring the evidence of negligence after discovery of peril, were properly refused.

[12] A charge instructing the jury as matter of law that the condition of the track did not proximately contribute to the injury was properly refused upon grounds above discussed.

There was no error in the court's oral instruction that the law required the railway track to be laid and kept at the same level as the street, or as nearly so as practicable. This instruction is to be taken in connection with the court's entire instructions on the subject.

[13] Section 1599, Code of Birmingham, required the street railway to keep in repair that part of the street between the tracks and two feet on each side thereof, and so maintain the street as not to impede the free passage of vehicles over them. Code of 1923, § 2017, confers upon municipalities generally power to require such maintenance for eighteen inches on each side of the track. The court's charge on the subject followed the city Code. It is immaterial to inquire whether the city of Birmingham had power to extend the duty to the space of two feet outside the track. The evidence made no issue as to failure of duty in the six-inch space between the distance fixed by the state Code and that by the city Code. The negligence alleged and relied upon in evidence was the condition immediately adjoining the rail causing a skidding of plaintiff's car.

[14] The gravamen of count 2 was negligently maintaining the track so that the rails were above the level of the street to such extent as to constitute an obstruction causing the injury. The failure of the court, in his oral charge defining the issues, to require literal proof that the rails were four inches above the level of the street, was not error.

We find no reversible error in the several rulings presented.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.