183 So. 871

SLOSS-SHEFFIELD STEEL & IRON CO. v. NATIONS.

6 Div. 247.

Supreme Court of Alabama.

Oct. 13, 1938.

Bradley, Baldwin, All & White and
Kingman C. Shelburne, all of Birmingham,
for appellant.

Hugh A. Locke and Andrew W. Griffin, both of Birmingham, for appellee.

GARDNER, Justice.

Plaintiff Nations had for some years been employed in defendant's mine as inside electrician, with one Moss, the "haulage boss," his immediate superior. While on his way to secure needed supplies, and in order to facilitate the work, Nations rode on the loaded cars as they were going to the top of the mine, when a derailment occurred, resulting in his severe injury, for which he was awarded compensation.

The finding of the trial court that the business of defendant was being facilitated by the plaintiff at the time of his injury, as to walk would have caused him to secure the supplies too late and time was an important factor, and that his injury arose out of and in the course of his employment, is well sustained by the proof and indeed uncontroverted. Unquestionably Nations was acting in entire good faith, in order, as he thought, best to serve defendant's interest at the time.

There was a rule of defendant company which prohibited the riding of loaded cars.

574

As to this rule the court below finds, and such finding is amply sustained by the proof, that "the mine foreman, haulage boss, the superintendent and the chief electrician rode loaded trips out of the mine at frequent intervals, and that plaintiff had been ordered, allowed and permitted to ride loaded trips out of the mine for the purpose of securing supplies, and that any rule of defendant or statute preventing the riding of loaded trips was disregarded and unenforced."

Defendant on the trial pleaded as a defense the wilful violation of its rule against riding loaded trips, and the wilful violation of the statute to like effect. Section 7544, Michie Code of 1928.

A jury trial was demanded and had as to these issues (section 7578, Michie Code 1928; Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103), and a verdict favorable to plaintiff was rendered thereon.

■ There is here no serious insistence that plaintiff is barred from compensation on any theory of a wilful violation of defendant's rule. Here, as in Moss v. Hamilton, 234 Ala. 181, 174 So. 622, the rule was more honored in the breach than in the observance, and was wholly disregarded by those in active charge of the operation of the mine. Under such circumstances, the defense of wilful violation of the employer's rule is not sustained. Moss v. Hamilton, supra; 71 Corpus Juris 767; Ann.Cas.1916A, 792; Beck v. C. & J. Commercial Driveaway, Inc., 260 Mich. 550, 245 N.W. 806; Kuhner Packing Co. v. Hitchens, 97 Ind.App. 228, 186 N.E. 262. And that plaintiff, when injured, was acting in entire good faith in an honest attempt to further his employer's business (23 A.L.R. 1166), and in the line and scope of his employment, is not here questioned. Moss v. Hamilton, supra; Sloss-Sheffield Steel & Iron Co. v. Jones, 220 Ala. 10, 123 So. 201.

But the violated rule was embodied in a statute (section 1717, Code of 1928), for a violation of which a penalty is prescribed in section 4987, Ala. Code 1928.

Defendant, therefore, strenuously insists that upon the issue of a wilful violation of this statutory law, it was due the affirmative charge, and this presents the pivotal question on this appeal.

We have given due consideration to the numerous authorities noted by defendant to the effect that the law will not grant relief when a cause of action is grounded upon an illegal transaction, among them: Oscanyan v. Winchester Arms Co., 103 U. S. 261, 26 L.Ed. 539; Treadwell v. Torbert, 119 Ala. 279, 24 So. 54, 72 Am.St.Rep. 918; Addington v. State, 201 Ala. 331, 77 So. 993; Collier's Adm'r v. Windham, 27 Ala. 291, 62 Am.Dec. 767; Walker v. Graham, 228 Ala. 574, 154 So. 806; Ellis v. Batson, 177 Ala. 313, 58 So. 193; Farrior v. New England Mortgage Sec. Co., 88 Ala. 275, 7 So. 200; Heland v. City of Lowell, 3 Allen, Mass., 407, 81 Am.Dec. 670; Gilmore v. Fuller, 198 Ill. 130, 65 N. E. 84, 60 L.R.A. 286; McMullen v. Hoffman, 174 U.S. 639, 19 S.Ct. 839, 43 L.Ed. 1117; Western Union Tel. Co. v. McLaurin, 108 Miss. 273, 66 So. 739, L.R.A. 1915C, 487; West v. Ball, 12 Ala. 340; Petty v. Gayle, 25 Ala. 472; United States Lumber Co. v. Cole, 202 Ala. 688, 81 So. 664; Lloyd v. North Carolina Rwy. Co., 151 N.C. 536, 66 S.E. 604, 45 L.R.A.,N.S., 378; Frese v. Chicago, Burlington & Quincy R. Co., 263 U.S. 1, 44 S.Ct. 1, 68 L.Ed. 131.

But these authorities and the principles therein recognized are inapplicable here.

■ Plaintiff's claim does not rest upon a violation of any law, but upon the express terms of the Workmen's Compensation statute, which awards him damages for injuries received in the line and scope of his employment, and excludes from consideration as defeating his claim any question of mere negligence on his part or assumption of risk, and the like. Code 1928, section 7535. To his claim there are specified defenses available. One of them relates to the employee's wilful violation of law. To establish such a defense the burden of proof rests upon the employer. Section 7544, Code, supra. It is his action, and not that of the employee, that injects such an issue into the case. And the defense does not rest upon a mere violation of a statute, but upon a wilful violation thereof, and, we think, without further extending the discussion of this theory of the case, that the statute itself clearly indicates the general principle of law found stated in the above noted authorities, has no application to cases of this character.

It is not pretended that Nations had any actual knowledge of any statutory law against riding loaded trips, and, indeed, it appears from the proof that his immediate superior officers had no such knowledge. But it is argued that everyone is presumed to know the law, and as a consequence that

Nations will not be heard to say he was ignorant of the statute, and had no intent to violate the law. Schuster v. State, 48 Ala. 199; American Surety Co. v. Sullivan, 2 Cir., 7 F.2d 605; Smith v. State, 223 Ala. 346, 136 So. 270; State v. Silva, 130 Mo. 440, 32 S.W. 1007; State v. King, 86 N.C. 603.

■ It is further argued that the statute (section 7544, supra) in making reference to the knowledge of the rule or regulation of the employer, and omitting such expression as to the violation of a law, indicates a legislative intent that as to the latter the presumed knowledge of the law will suffice for proof of a wilful violation thereof. But such an argument gives no due weight to the language of the statute in the use of the word "wilful" in connection with the violation of the law and runs counter to the interpretation of this statute by this Court in Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103, wherein it was said that "'willful misconduct' * * * includes all conscious or intentional violations of definite law or definitely prescribed rules of conduct, as to which obedience is not discretionary, as contradistinguished from inadvertent, unconscious, or involuntary violations thereof. * * *

"We would find no difficulty in reaching the conclusion that all of the specifications of willful acts found in section 9 would be embraced under the general prescription of 'willful misconduct,' and that they are added merely ex majore cautela, in illustration of the general phrase preceding." [page 105.]

■ And in Sloss-Sheffield Steel & Iron Co. v. Greer, 216 Ala. 267, 113 So. 271, the Woodward Iron Company Case, supra, is approved with the added holding that the employer need not show that the employee in the violation of a known rule was thinking of the rule at the time, and entertained the specific intent to violate it. Due regard must be given the word "wilful," as used in the statute, which, as we have often stated, should be liberally construed to effectuate its beneficent purpose. Sloss-Sheffield Steel & Iron Co. v. Jones, 220 Ala. 10, 123 So. 201.

The Virginia court in King v. Empire Collieries Co., 148 Va. 585, 139 S.E. 478, 58 A.L.R. 193, considering a case which bears strong analogy to this, defining the word "wilful" in a statute much like our own, said [page 479]: "'Willful,' as used in the statute, imports something more than a mere exercise of the will in doing the act. It imports a wrongful intention. An intention to do an act that he knows, or ought to know, is wrongful or forbidden by law. It involves the idea of a premeditation and determination to do the act, though known to be forbidden." And the opinion further observes that the specified acts of conduct which will defeat compensation "all involve the idea of moral blame, or of 'conduct of a quasi criminal nature, the intentional doing of something either with the knowledge that it is likely to result in serious injury or with a wanton and reckless disregard of its probable consequences.' * * * That 'willful failure or refusal to perform a duty required by statute,' * * * involves more than the ignorant failure to comply with the statute. The failure must be 'willful.'" No penalty was intended to be inflicted on "mere ignorance, so long as there was no moral blame," further observes the Virginia court.

■ That decision dealt with the violation of statutory regulations as to the work in a mine intended for the better protection of the miners, and as a consequence to be of some benefit also to the mine owner. There was involved no moral blame, no conduct of a criminal nature. And as applicable to such statutory regulation, the holding was that the knowledge of the law imputable to everyone was excluded from the operation of the statute by use of the words "wilful failure or refusal."

■ We find ourselves in accord with this view. The weight of authority is to the effect that what amounts to a wilful failure or refusal to comply with a statutory regulation is dependent upon the circumstances, and to be determined upon the particular facts of each case. 71 Corpus Juris 765; Gonier v. Chase Companies, 97 Conn. 46, 115 A. 677, 19 A.L.R. 83; 4 A.L.R. 127; In re Nickerson, 218 Mass. 158, 105 N.E. 604, Ann.Cas.1916A, 790.

■ In the King Case, supra, as well as other authorities (Fortin v. Beaver Coal Co., 217 Mich. 508, 187 N.W. 352, 23 A.L.R. 1153), there appears to be made a distinction between the violation of a statutory regulation as to the operation of a mine and conduct involving moral blame and of a criminal nature. Of course, as to any such statutory regulation there may be shown a wilful violation by a showing that

the employee was informed and knew of the statute, as illustrated by the case of Carbon Fuel Co. v. State Compensation Com'r, 112 W.Va. 203, 164 S.E. 27. But the case for defendant was there rested upon actual notice of the statute, and not upon any presumed knowledge.

And in Aetna Life Ins. Co. v. Carroll, 169 Ga. 333, 150 S.E. 208, cited by defendant as opposed to the King Case, supra, it will be observed that the court in fact found the employee did have knowledge of the law he violated, which was a traffic regulation for the public at large, wherein it is said [page 214]: "Furthermore, in this case the evidence authorizes a finding that the employee knew of this statute." Though the Georgia court indulges some criticism of the reasoning in the King Case, a criticism in which we do not join, yet the above quotation discloses that upon basic principle the two cases are not in fact opposed. While, as observed in the King Case, the defense of wilful misconduct may not be made to rest upon a mere presumed knowledge of the law, yet the Carroll Case discloses that such knowledge of the law may be inferred from all the facts and circumstances in the case.

But no such inference could be drawn in the instant case, the proof disclosing habitual violation of this statutory regulation by Nations' superior officers as well as their ignorance of any such law, and Nations' continued violation with the approval of his superiors.

In any event, whether or not the conduct amounts to a wilful failure or refusal to comply with the statute is a fact to be determined in each particular instance, and cannot be governed by any definite rules.

Here we are dealing with, not only statutory regulations, but with conduct in the utmost good faith for the advancement of the business of the employer, and, indeed, as found by the trial court, to meet a particular emergency (Sloss-Sheffield Steel & Iron Co. v. Jones, supra) as to the procurement of the necessary material for use of the workman immediately to follow Nations. We think the King Case, supra, analogous here, and that it was correctly decided.

We have treated the case upon the theories advanced in argument. But to guard against any misunderstanding of the opinion, we may properly add that as to whether or not the employer may successfully defend, in cases of this character, upon the act of the employee, which amounts to a violation of law, which act the employer positively, or by necessary inference, directs to be done, is a question which we have not considered, and upon which we express no opinion.

Under the facts and circumstances here presented (and the decision here is so confined), we are unable to say, as a matter of law, that Nations' conduct amounted to a wilful violation of the law within the meaning of the Workmen's Compensation statute, and conclude that the trial court correctly refused the affirmative charge on this issue, as requested by defendant.

Defendant reserved many exceptions to different portions or excerpts from the court's oral charge. As to one such exception it is insisted the jury were not clearly instructed they were to pass upon the issue as to a wilful violation of law on the part of the employee. But as to this exception, as well as all others, the general rule is applicable, that is, that the oral charge is to be considered as a whole and not in detached portions. Sloss-Sheffield Steel & Iron Co. v. Harris, 199 Ala. 261, 74 So. 347; Martin v. Manning, 207 Ala. 360, 92 So. 659; Bradley v. Powers, 214 Ala. 122, 106 So. 799. When so viewed, this exception, as well as all others, is found to be without merit. The trial court in the oral charge read the statute, and made explanation to the jury as to that particular feature concerning a wilful violation of the law, and its application as to the prohibition against riding loaded trips.

We have examined and considered in consultation each exception reserved, and when taken in connection with the entire oral charge, conclude none of them are well taken, and that the trial court sufficiently and correctly informed the jury as to the issues upon which they were called upon to act. A separate treatment of each such exception is, therefore, deemed unnecessary.

Upon consideration of the whole case, we are of the opinion no reversible error appears, and that the judgment is due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.