[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 792 
This is a workmen's compensation case.
The Shelby County Circuit Court entered a judgment in favor of the widow and posthumous child of the deceased employee, entitling them to compensation under the Alabama Workmen's Compensation laws. The employer appeals from that judgment.
The evidence shows that on September 9, 1978 Stephen Thomas Jerrell, an employee of Sun Papers, Inc. ("Sun"), was killed in a motor vehicle collision when he made a left turn into the path of an oncoming automobile. Testimony indicates that Jerrell's vision was impaired in that he could only see light and dark shapes with one eye, and that Jerrell had prior knowledge of this physical condition. The collision occurred at an intersection approximately one mile from Sun's offices, along a route commonly used by Sun's employees in coming to work.
At the time of his death Jerrell was employed by Sun as manager of the publications department. The job involved a good deal of travel, mostly in the local area. Jerrell used his own personal automobile for this travel; Sun did not provide him with a car, although it guaranteed his car note. Sun did, however, reimburse Jerrell and its other employees for expenses incurred in such travel. Under one plan Sun paid its employees fifteen cents per mile for the use of their automobiles on company business. Jerrell had at one time been reimbursed for his travel expenses under this plan, but at the time of his death he had opted for reimbursement under an alternative, simplified plan. Under the alternative plan Sun paid Jerrell a sum of $29.81 each week for travel expenses, and provided gasoline for him to use for the business travel.
Jerrell had no set working hours. He was free to set his own hours, and he frequently went in to the office on weekends. On those days when he was required to travel, he usually came in to the office to set up his schedule for the day.
On the day before his death, Jerrell made a stop at a local high school to work with students on the production of a school publication and to pick up some copy material to be processed by Sun at some time during the next week. He apparently took the copy home with him that evening. The next morning Jerrell left for work in his car and was killed in an automobile collision. The evidence is in dispute as to the deadline for the copy to be turned in to Sun.
This action was filed on March 12, 1979 by Jerrell's widow. On August 27, 1980 an amended complaint was filed, seeking to add as a plaintiff the posthumous child of the deceased, who was born on March 24, 1979.
In November 1980 the trial court entered a judgment in favor of both the widow and the child, finding that Jerrell's death occurred as a result of an accident "which arose out of and in the course of his employment by the defendant," and that Jerrell was not guilty of any act which would bar recovery under the workmen's compensation laws. The court further ruled that the addition of the posthumous child in the complaint was "an additional claim [by the widow] in a different capacity," and as such the addition was timely. The court awarded the widow and child $113.33 per week, an amount equal to sixty-six and two-thirds percent of Jerrell's weekly salary just prior to his death. *Page 793 
Sun appeals from the judgment, alleging that (1) the accident which caused Jerrell's death did not arise out of and was not in the course of his employment; (2) the addition of the posthumous child in the complaint was not timely filed; and (3) Jerrell's misconduct and breach of his statutory duties bar any recovery of benefits by appellees under the Alabama Workmen's Compensation laws.
It is well settled that the standard of review in workmen's compensation cases is limited to a determination of whether there is any legal evidence or reasonable inferences therefrom to support the findings of fact of the trial court. OrkinExterminating Co. v. Williams, 389 So.2d 935 (Ala.Civ.App. 1980). Where the findings of fact by the trial court are meager or omissive, this court will look to the evidence to see if, on any reasonable view of the evidence, the judgment of the court can be sustained. Defense Ordinance Corp. v. England,52 Ala. App. 565, 295 So.2d 419 (1974). On appeal, however, this court will not weigh the evidence to determine if it reasonably satisfies the issue in question; that is for the trial court.United States v. Bear Brothers, Inc., 355 So.2d 1133
(Ala.Civ.App. 1978).
In order for the claimant's injuries to be compensable under the Alabama Workmen's Compensation laws, the accident must arise out of and occur in the course of his employment. §25-5-51, Code 1975. As a general rule, accidents which occur while the employee is travelling to and from work are not considered "arising out of and in the course of" his employment. Barnett v. Britling Cafeteria Co., 225 Ala. 462,143 So. 813 (1932). There are, however, several well-recognized exceptions to the general rule, among which is the following: "where the employee is engaged in some duty to his employer in connection with his employment . . . or en route." Union CampCorp. v. Blackmon, 289 Ala. 635, 270 So.2d 108 (1972) (emphasis supplied).
We find that there was sufficient evidence before the trial court to support a finding that the accident which caused Jerrell's death arose out of and in the course of his employment. The wife testified that just before her husband left the house on Saturday morning, he said that he was going to the office to deliver some material he had picked up at a high school the day before. Although this testimony by the wife amounts to hearsay, it is, nevertheless, admissible evidence and was properly considered by the trial court. A statement made by a person in preparing to go to a particular place, explanatory of his purpose in making the journey, is res gestae evidence and may be proven. Cook v. Latimer, 279 Ala. 294,184 So.2d 807 (1966); C. Gamble, McElroy's Alabama Evidence § 262.01 (1) (3d ed. 1977).
The evidence further shows that Jerrell's immediate supervisor went to the scene of the accident shortly after noon and examined the wrecked vehicle to retrieve any personal or business effects or property. He was not asked if he found anything. He then stated that he saw the material in question when Jerrell's father-in-law brought it to the appellant's office on the Wednesday following the accident on Saturday. It could be reasonably inferred from this testimony and from the widow's testimony that the supervisor did not find the material in question in the wrecked vehicle because it had been removed from the wrecked vehicle prior to the time Jerrell's immediate supervisor reached the accident scene. We therefore conclude that the evidence supports the finding that Jerrell's death arose out of and in the course of his employment.
Appellant next asserts that appellees' right to recovery is barred by Jerrell's "wilful" misconduct in causing the accident. Section 25-5-51, Code 1975, provides that:
 [N]o compensation shall be allowed for an injury or death caused by the wilful misconduct of the employee . . . or due to the wilful refusal or wilful neglect of the employee or servant to perform a statutory duty or due to any other wilful violation of the law by the employee. *Page 794 
Appellant contends that Jerrell's failure to observe the oncoming traffic at the intersection in question, and his failure to yield the right-of-way in making a left turn, constituted a "wilful" violation of a statutory duty under the provisions of § 25-5-51. These contentions are without merit.
"Wilful" misconduct, as used in § 25-5-51, "`includes all conscious or intentional violations of definite law or definitely prescribed rules of conduct, as to which obedience is not discretionary, as contradistinguished from inadvertent, unconscious, or involuntary violations thereof.'"Sloss-Sheffield Steel Iron Co. v. Nations, 236 Ala. 571,183 So. 871 (1938), citing Ex parte Woodward Iron Co., 212 Ala. 220,102 So. 103 (1924). We fail to see how Jerrell's inadvertence in turning in front of an oncoming car can be a "wilful" violation of a statutory duty as contemplated by §25-5-51. Testimony suggested that Jerrell's view of the oncoming traffic might have been obstructed by the sunlight. Failure to observe traffic and to yield the right-of-way under such circumstances does not, without more, establish wilful misconduct within the meaning of § 25-5-51. See Hommel v.Jackson-Atlantic, Inc., 438 F.2d 307 (5th Cir. 1971). Nor do we think that Jerrell's impaired vision, and his knowledge thereof, render his actions "wilful" under the statute.
Appellant's last contention is that appellees' amendment to the complaint adding Jerrell's posthumous child as a plaintiff was barred by the one year statute of limitations as provided by § 25-5-80, Code 1975.
It is settled law that the Alabama Workmen's Compensation laws should be liberally construed in order to effectuate the purpose behind the act and to eliminate procedural technicalities. Defense Ordinance Corp. v. England, supra. This liberal construction is in line with the intent of our procedural rules relating to amendments under Rule 15, A.R.C.P.National Distillers Chemical Corp. v. American LaubscherCorp., 338 So.2d 1269 (Ala. 1976). The policy regarding amendments concentrates on the factors of notice to the defendant and identity of interest among the parties sought to be added.
 As long as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense.
6 Wright Miller, Federal Practice and Procedure, § 1501 (1971). An amendment which seeks to add a plaintiff with an entirely different claim will not relate back to the time of the original complaint, although the addition of a claim by the plaintiff in another capacity may be held to relate back. Id.
We find that, under the circumstances of the present case, the amendment adding the child as another party to the complaint was properly allowed by the trial court. The record before us indicates that the employer paid medical insurance for both the widow and the child until the child was three months old. It is clear that the employer had notice of the existence of the child as an additional dependent of its employee Jerrell from shortly after its birth. Further, there was sufficient identity of interest between the widow and child to allow a proper amendment to the complaint. It is undisputed that the petition on behalf of Jerrell's widow was timely filed. Although the child was not included as a party plaintiff in the complaint itself, both the widow and the child were in essence before the court as dependents seeking compensation under the workmen's compensation law [see Texas Employers'Insurance Association v. Shea, 410 F.2d 56 (5th Cir. 1969)]; the filing of the petition in the name of the widow only does not preclude a subsequent amendment to include the child's name on the face of the complaint. See Braswell v. Brooks, 266 Ala. 141, 94 So.2d 879 (1957).
We therefore affirm the judgment of the trial court.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 795