YATES, Judge.
Clifford Jackson sued for workmen’s compensation benefits from Marshall Lumber Company (Marshall) for an injury that occurred on September 27, 1991. Marshall answered by stating that Jackson’s injury had resulted from willful misconduct and intentional self-injury, citing Ala.Code 1975, § 25-5-51. Following a hearing, the trial court found that Jackson had intentionally injured himself, and, therefore, was not entitled to the requested compensation.
The dispositive issue on appeal is whether the evidence before the trial court was sufficient for the court to determine that Jackson had intentionally caused his own injury.
At the time of the hearing, Jackson was 27 years old, married, and the father of 3 children. He had completed the sixth grade. Over the years, he had worked at various odd jobs, including picking peaches, stocking shelves at a grocery store, and working as a general laborer for a construction and manufacturing company. Before going to work for Marshall, he had performed some woodworking tasks involving the use of saws similar to the one he was using at the time of his injury.
In July 1991, Jackson began working for Marshall. Testimony conflicted as to his job description. Jackson stated that he was hired as a general laborer; however, Russ Marshall, president of the defendant corporation, testified that, based on Jackson’s prior experience, he had hired Jackson to work specifically with the saws. Three months after he was hired, and while operating a radial saw at Marshall, Jackson’s index and middle fingers of his left hand were cut off. He is right-handed.
The standard for appellate review in a workmen’s compensation case is limited to a two-pronged test. Initially, this court must look to see if there was any legal evidence to support the trial court’s findings. If such evidence is found, we next look to see whether any reasonable view of that evidence supports the trial court’s judgment. Ex parte Eastwood Foods, 575 So.2d 91 (Ala.1991).
The trial court heard testimony from Jackson and from other employees of Marshall. Testimony revealed that on the day before Jackson’s injury occurred, he had asked how much compensation had been paid to an employee who had previously been injured at Marshall. Further testimony revealed that at or about the time of the injury Jackson was depressed over marital, financial, and other personal problems. On one occasion, he had come to work badly bruised, with his eyes black and blue. When questioned at trial about that incident, Jackson admitted punching himself in the face. He stated, “I [did] it to myself because I didn’t want to hurt my wife [any] more.” Additionally, Jackson testified that he had told Russ Marshall that he felt like killing himself.
There were no witnesses to the injury. Jackson demonstrated at trial how the injury happened, and the trial court viewed a video tape about the operation of the saw Jackson was using when the injury occurred.
*290 Jackson argues that Marshall failed to establish willful misconduct on his part, within the terms of Ala.Code 1975, § 25-5-36. He argues, citing Riley v. Perkins, 282 Ala. 629, 213 So.2d 796 (1968), that where reasonable doubt exists as to whether the employee willfully injured himself, the issue must be resolved in favor of the employee.
Applying the law to the facts in this case, we find there was evidence from which the trial court could have determined that Jackson’s injury was intentionally self-inflicted. Where a reasonable view of the evidence supports the trial court’s judgment, the judgment should not be disturbed. Ex parte Veazey, 637 So.2d 1348 (Ala.1993).
Finally, Jackson argues that no direct evidence was offered to show that he willfully and intentionally caused his own injury, and that all of the evidence was circumstantial. Admittedly, the evidence was circumstantial in nature. “[A] fact may be established by either direct or circumstantial evidence, and the proof is sufficient if, from the facts and circumstances adduced, it can be reasonably inferred.” May v. Moore, 424 So.2d 596, 603 (Ala.1982) (citation omitted). In reaching its decision, the trial court observes the demean- or and weighs the credibility of witnesses. Further, it must weigh all evidence, whether direct or circumstantial, and draw such inferences as the evidence allows.
A reasonable view of the evidence supports the trial court’s judgment. Accordingly, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.