SAM A. BEATTY, Retired Justice.
F.F.W. appeals from a judgment awarding custody of her child, R.F., to E.F., the child’s maternal grandmother. We reverse and remand.
The mother is 27 years old and has cerebral palsy. The child is presently seven years old and also has cerebral palsy. The mother and her child lived with the grandmother until July 1992, when the mother married. After the mother’s marriage, the child lived with his mother and stepfather.
In September 1992, the grandmother filed a report of abandonment against the mother. The case was dismissed. In December 1992, the child’s school reported cuts and bruises to the Jefferson County Department of Human Resources. Upon review, a social worker found no evidence of abuse or risk of injury to the child, and recommended no change in custody. In July 1993, the grandmother filed a report alleging that her daughter had been abused by her husband and that the child was losing weight and experiencing medical problems. The grandmother filed a petition for custody of the child in October 1993.
On March 23, 1994, the trial court held a hearing in this matter. The grandmother was represented by counsel, but the mother proceeded pro se. At the conclusion of the hearing, the court awarded temporary custody of the child to the grandmother, and set the case for review on May 13, 1994. Before the review hearing, the mother obtained counsel. On April 30, 1994, the mother gave birth to another child. Her lawyer requested a continuance of the May 13 hearing because the mother was physically unable to be present at the hearing and had been unable to keep appointments with a counsel- or for evaluation, because of her pregnancy and delivery, but the continuance was denied by the trial court. On May 13,1994, the trial court entered a judgment awarding custody of the child to the grandmother and awarding reasonable visitation rights to the mother. The mother is represented by counsel on appeal. The grandmother did not file a brief.
The mother first argues that the trial court erred because it did not appoint an attorney to represent her. She contends that she is indigent and was required to proceed pro se. The trial court’s order of March 23, however, indicates that the mother chose to represent herself after being advised of her right to have an attorney. Because this issue was not raised at the trial court level, we will not address it on appeal. Wood v. Wood, 600 So.2d 282, 284 (Ala.Civ. App.1992).
The mother next argues that the trial court erred when it refused to continue the hearing of May 13. Although the decision whether to grant or deny a continuance is discretionary with the trial court, that discretion is not without limitation. Ex parte Jacobs, 636 So.2d 410, 411 (Ala.1994). As a general rule, continuances are not favored, and this court will not reverse the denial of a continuance without a showing of an abuse of discretion. Owens v. Owens, 435 So.2d 1316 (Ala.Civ.App.1983). We find such an abuse of discretion in this case. As in the Jacobs case, the mother here was not trying to avoid her court appearance. She had delivered a baby only two weeks before the hearing date. Furthermore, since the mother suffers from cerebral palsy, she does not enjoy the physical health that would allow her to recover quickly from childbirth. Her attorney requested the continuance promptly and well *1239 before the scheduled hearing, and nothing in the record indicates any reason for the trial court’s denying the mother’s request.
The birth of her baby not only prevented the mother from attending the hearing at which the court made the final disposition of her child’s custody, but also prevented her from keeping appointments with the mental health professionals who were conducting psychological testing and evaluation of both the mother and the child at the request of the court. The psychometrist’s report to the court regarding his evaluation of the child states as follows regarding the mother: “Unfortunately the evaluation of [the mother] had to be postponed recently because of the birth of her new child. Her point of view and mental status are not available to me.” The report further indicates that the grandmother’s objectivity was questionable; this fact made the evaluation of the mother particularly important. Nevertheless, the court proceeded to make a final determination of custody without either an evaluation of the mother or her participation in the hearing.
We hold, under the circumstances of this case, that it was an abuse of discretion for the trial court to deny the mother’s request for a continuance. The judgment vesting custody of the child with the grandmother is reversed, and the cause is remanded for further proceedings.
The foregoing opinion was prepared by SAM A BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the Judges concur.