[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 186 
Dennis Cooke filed a complaint in the Winston County Circuit Court against his former employer, the Town of Addison, Alabama, seeking workers' compensation benefits. Cooke alleged that he had suffered two injuries arising out of and in the course of his employment — one to his left eye on October 12, 1993, and another to his back on April 27, 1994. Cooke also alleged that he was permanently and totally disabled. The Town of Addison answered, admitting that Cooke had suffered both an eye injury and a back injury, that it had received notice of Cooke's injuries, and that it had paid Cooke temporary total disability benefits.
Following oral proceedings, the trial court entered a judgment, finding that Cooke was 50 years of age, that he had a seventh-grade education, that his employment training and history were that of a manual laborer, and that Cooke was not "trained or suited for any type of work or employment other than as a manual laborer." The trial court also found that Cooke had suffered two injuries arising out of and in the course of his employment — one to his left eye on October 12, 1993, and another to his back on April 27, 1994. The trial court specifically found that Cooke had "sustained a permanent injury after having sustained another permanent injury in the same employment, resulting in his permanent total disability." The trial court further found that because of Cooke's injuries, his education, and his training, Cooke "is unable to perform work of his trade or obtain reasonably gainful employment" and that Cooke had sustained a total loss of ability to earn. The trial court awarded benefits accordingly.
The Town of Addison appeals, contending that the trial court erred in failing to find that Cooke's eye injury resulted from his willful conduct, in not apportioning Cooke's disability benefits between his two injuries, in finding Cooke to be permanently and totally disabled, and in denying the Town's motion for a continuance.
Cooke's injuries occurred on October 12, 1993, and on April 27, 1994; therefore, the new Workers' Compensation Act is controlling. The standard of review of a workers' compensation case under the new Act was stated by our supreme court inEx parte Trinity Industries, Inc., 680 So.2d 262 (Ala. 1996):
 "[W]e will not reverse the trial court's finding of fact if that finding is supported by substantial evidence — if that finding is supported by 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' "
680 So.2d at 268-69 (quoting West v. Founders Life AssuranceCo., 547 So.2d 870, 871 (Ala. 1989)). See also § 25-5-81(e), Ala. Code 1975.
The Town of Addison argues that Cooke sustained his left-eye injury as a result of his violation of a safety rule and/or his failure to use a safety appliance. Section 25-5-51, Ala. Code 1975, provides in pertinent part:
 "[N]o compensation shall be allowed for an injury or death caused by the willful misconduct of the employee, by the employee's intention to bring about the injury or death of himself or herself or another, his or her willful failure or willful refusal to use safety appliances provided by the employer. . . ."
This court has explained that willful misconduct "as used in § 25-5-51, ' "includes all conscious or intentional violations of definite law or definitely prescribed rules of conduct, as to which obedience is not discretionary, as contradistinguished from inadvertent, unconscious, or involuntary violations thereof." ' " *Page 187 Sun Papers, Inc. v. Jerrell, 411 So.2d 790, 794
(Ala.Civ.App. 1981) (quoting Sloss-Sheffield Iron Co. v. Nations,236 Ala. 571, 575, 183 So. 871, 873 (1938)). Pursuant to § 25-5-36, the Town of Addison had the burden of proving that Cooke's alleged willful misconduct resulted in his October 12, 1993, left-eye injury. Where reasonable doubt exists as to whether the employee willfully injured himself, the issue must be resolved in the employee's favor. Jackson v. Marshall LumberCo., 641 So.2d 288 (Ala.Civ.App. 1994).
The record reveals that the Town of Addison adopted certain written safety rules supplied by the Town's insurance company. One of the rules requires employees to wear eye protection in the performance of work that is hazardous to the eyes. Cooke testified that on October 12, 1993, he was cutting down a bush with a "bush axe," he was wearing his safety goggles, and his goggles were knocked off during mid-swing of the axe. He also testified that he was almost finished cutting the bush down when his goggles came off, that he swung the axe one or two more times, that the axe hit an iron fence post, and that a piece of steel pierced his left eye. The mayor of the Town of Addison testified that employees were provided with safety goggles and that the employees were asked to wear the goggles. The mayor also testified that if he had been cutting the bush and his goggles had come off when he was almost finished, he would have finished cutting and put the goggles back on when he was done.
Based upon our review of the record, we conclude that the Town of Addison failed to prove that Cooke willfully failed, or willfully refused, to wear safety goggles.
The Town of Addison next argues that the trial court failed to apply §§ 25-5-57(a)(4)e. and 25-5-58, Ala. Code 1975, to apportion Cooke's disability between his two injuries. Section25-5-57(a)(4)e. provides:
 "Second Permanent Injuries Generally. — If an employee has a permanent disability or has previously sustained another injury than that in which the employee received a subsequent permanent injury by accident, as specified in this section defining permanent injury, the employee shall be entitled to compensation only for the degree of injury that would have resulted from the latter accident if the earlier disability or injury had not resulted."
Section 25-5-58 provides:
 "If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed."
However, § 25-5-57(a)(4)f. specifically governs second permanent injuries in the same employment resulting in permanent total disability. That section provides:
 "If an employee receives a permanent injury as specified in this section after having sustained another permanent injury in the same employment, and if the previous and subsequent injuries result in permanent total disability, compensation shall be payable for permanent total disability only."
"There is a rule of statutory construction that specific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects."Murphy v. City of Mobile, 504 So.2d 243, 244 (Ala. 1987) (citations omitted). Accordingly, we conclude that §25-5-57(a)(4)f. applies to Cooke's injuries because both injuries occurred during the same employment. The trial court found that Cooke sustained a permanent injury after another permanent injury that resulted in permanent total disability. Therefore, the trial court correctly applied § 25-5-57(a)(4)f. to Cooke's injuries and resulting disabilities; because §25-5-57(a)(4)f. was applicable to Cooke's injuries, the general provisions of §§ 25-5-57(a)(4)e. and 25-5-58 were not applicable.
The Town of Addison further argues that the trial court erred in finding Cooke to be permanently and totally disabled because, it says, Cooke earned income from his landfill. The test for permanent total disability is the inability to find gainful employment. Bidermann Industries Corp. v. Peterson,655 So.2d 997 (Ala.Civ.App. 1994). *Page 188 
Total disability does not mean entire physical disability or absolute helplessness. Id. It is the duty of the trial court to make some determination as to the extent of disability. GenpakCorp. v. Gibson, 534 So.2d 312 (Ala.Civ.App. 1988). In making that determination, the trial court must consider all the evidence, including its own observations, and interpret it to its own best judgment. Genpak.
The record reveals that Cooke's left-eye injury allows him to see only shadows out of that eye and that the vision in his right eye is only 25%. Cooke suffered a ruptured disc as a result of his April 27, 1994, accident, and he underwent surgery and epidural blocks in attempts to alleviate his back pain. During the trial Cooke stood up and bent forward to show the trial court how his back movement is limited. Cooke testified that because of his poor vision, he had to surrender his driver's license to the State. He also testified that because of his poor vision and his back problems, he has difficulty walking on uneven ground or in areas where there are stones. Cooke further testified that he had to give his cows to his brother because he could not care for them or for his pasture and that he put his brother in charge of the landfill because he is no longer able to perform the day-to-day operations of the landfill. Cooke admitted that he receives income from his landfill, but he also testified that he does not earn that income. Both parties' expert witnesses and Cooke's doctors testified that Cooke could not return to his employment with the Town of Addison or obtain work as a manual laborer.
Based upon our review of the record, we conclude that the trial court's finding that Cooke is permanently and totally disabled is supported by substantial evidence.
Last, the Town of Addison argues that the trial court erred in denying its motion for a continuance. The decision to grant or deny a motion for a continuance is within the sound discretion of the trial court; however, that discretion is not without limitation. In the matter of R.F., 656 So.2d 1237
(Ala.Civ.App. 1995). "As a general rule, continuances are not favored, and this court will not reverse the denial of a continuance without a showing of an abuse of discretion." Inthe matter of R.F., 656 So.2d at 1238.
Nine days before trial, the Town of Addison filed a motion to compel the production of certain documents and a motion for a continuance of the trial based on its motion to compel. The trial court entered an order, compelling Cooke to produce certain documents immediately. Following a hearing, the trial court denied the Town of Addison's motion for a continuance, but permitted the Town to take additional testimony from one of Cooke's experts. Based upon our review of the record, the Town of Addison has failed to show that the trial court abused its discretion in denying the motion for a continuance.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
AFFIRMED.
All the judges concur.