772 So.2d 1178 (1999)
Patrick MAZE
v.
BOWATER, INC.
2980336.
Court of Civil Appeals of Alabama.
May 7, 1999.
Rehearing Denied June 25, 1999.
Jeffrey W. McKinney of Siniard, McKinney & Braswell, P.C., Huntsville, for appellant.
Robert D. McWhorter, Jr., of Inzer, Haney, Johnson & McWhorter, P.A., Gadsden, for appellee.
MONROE, Judge.
Patrick Maze sued his employer, Bowater, Inc., to recover workers' compensation benefits. Bowater answered, saying Maze was not entitled to benefits because his injuries, Bowater said, were caused by his own willful misconduct and his willful failure or refusal to use a safety appliance that Bowater had supplied him. The parties agreed to submit the issue of Bowater's liability to the trial court for its decision based upon depositions, documentary evidence, and affidavits. After considering the evidence submitted, the trial court en-Code tered a judgment in favor of Bowater, finding that Maze's injury had been caused by his own willful refusal to follow safety rules. Maze appeals.
*1179 The standard of review this court must apply in this case is derived from § 25-5-81(e)(1), Ala.Code 1975, which provides: "In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness." Furthermore, the Workers' Compensation Act provides that "in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." § 25-5-81(e)(2). The Alabama Supreme Court has defined "substantial evidence" as "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996).
The record tends to show the following. On February 4, 1998, Maze was working at his job at Bowater when he put his hand into a running conveyor system to dislodge a piece of wood that had jammed in the system. When the piece of wood came free, Maze's left hand was pinched between the wood and the top of the conveyor housing. He sustained a severe injury to his left hand as a result of the accident.
Bowater said Maze violated a procedure, known as the "lock-out procedure," that Bowater said it had adopted for use on machines to be repaired or maintained. The procedure, which is required by the federal Occupational Safety and Health Administration (OSHA), called for an employee to turn off the machine to be worked on, and to place a padlock on the machine to prevent it from being turned on while it was being worked on. Bowater provided each employee with a padlock, and each was required to use his padlock and to follow the lock-out procedure any time he was working on or in a machine. Any employee who failed to follow the lock-out procedure was subject to disciplinary action.
Maze said he knew of the lock-out procedure; however, he said, he believed that it was up to each employee to use his judgment to determine when to use it. In his deposition, Maze said that on the day he was injured, he "did not feel like [the machine] needed to be shut off" before he tried to dislodge the jammed piece of wood.
Section 25-5-51, Ala.Code 1975, provides in pertinent part:
"If an employer is subject to this article, compensation, according to the schedules hereinafter contained, shall be paid by the employer, or those conducting the business during bankruptcy or insolvency, in every case of personal injury or death of his or her employee caused by an accident arising out of and in the course of his or her employment, without regard to any question of negligence. Notwithstanding the foregoing, no compensation shall be allowed for an injury or death caused by the willful misconduct of the employee, by the employee's intention to bring about the injury or death of himself or herself or another, his or her willful failure or willful refusal to use safety appliances provided by the employer or by an accident due to the injured employee being intoxicated from the use of alcohol or being impaired by illegal drugs."
"This court has explained that [the term `willful misconduct'] `as used in § 25-5-51, "`includes all conscious or intentional violations of definite law or definitely prescribed rules of conduct, as to which obedience is not discretionary, as contradistinguished from inadvertent, unconscious, or involuntary violations thereof.'"'" Town of Addison v. Cooke, 689 So.2d 184, 186-87 (Ala.Civ.App.1997), quoting Sun Papers, Inc. v. Jerrell, 411 So.2d 790, 794 (Ala.Civ.App.1981); Sloss-Sheffield Steel & Iron Co. v. Nations, 236 Ala. 571, 183 So. 871 (1938).
*1180 Bowater bears the burden of proving that Maze's alleged willful misconduct resulted in his injury. Town of Addison, supra; § 25-5-36, Ala.Code 1975. "Where reasonable doubt exists as to whether the employee willfully injured himself, the issue must be resolved in the employee's favor." Town of Addison, supra, at 187; Jackson v. Marshall Lumber Co., 641 So.2d 288 (Ala.Civ.App.1994).
Maze admits that his injury was caused because of his negligence in reaching into the running conveyor to unjam it. The statute makes it clear that negligence will not bar an employee from receiving workers' compensation benefits. The record contains no evidence of willful misconduct on Maze's part and no evidence indicating that he intentionally violated a safety rule. The evidence indicates that in attempting to dislodge a chunk of wood jammed in a moving conveyor, Maze inadvertently violated a rule calling for one to turn off and lock machinery before making repairs or doing maintenance on it. The evidence shows that Maze was injured in an on-the-job accident, nothing more, nothing less. Because the record contains no evidence of willful or intentional misconduct on Maze's part, the trial court erred in holding that he is not entitled to recover workers' compensation benefits from Bowater.
The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, J., concurs.
ROBERTSON, P.J., concurs in the result.
CRAWLEY and THOMPSON, JJ., dissent.
CRAWLEY, Judge, dissenting.
Judge Monroe's opinion states that the record contains "no evidence of willful misconduct on Maze's part and no evidence indicating that he intentionally violated a safety rule." 772 So.2d at 1180. I respectfully disagree. The trial court's finding that Maze willfully violated a safety rule was supported by substantial evidence and is due to be upheld.
Maze admitted that, in the year preceding his injury, he had attended monthly safety meetings, had been a member of the safety committee, and had been instructed as to the company's lock-out procedure. When a worker knows of a safety rule and consciously does an act in violation of that rule, his act cannot be considered inadvertent. "[S]uch [an] act is deliberately done and is willful misconduct." Sloss-Sheffield Steel & Iron Co. v. Greer, 216 Ala. 267, 270, 113 So. 271, 273 (1927).
The following testimony by Maze demonstrates that his violation of the safety rule was not inadvertent:
"Q. Now, at the time that this accident occurred, is it your understanding that the safety rules required you to lock this machine out in order to remove a chunk as you were trying to do?
"A. Yes, sir.
". . . .
"Q. During these monthly safety meetings... did [Mr. Stodghill] ever specifically discuss the lock-out procedure and when it was appropriate to cut off the machine, or did he indicate that that was simply left to the individual's judgment?
"A. No, he said to lock it out.
"Q. And that was before this injury he wanted every machine locked out?
"A. Yes, sir."
THOMPSON, J., concurs.