775 So.2d 223 (2000)
Tyler NeSMITH, by and through his grandfather and next friend, Winford NeSMITH
v.
H & A INDUSTRIAL PAINTING, INC.
2981036.
Court of Civil Appeals of Alabama.
January 21, 2000.
Rehearing Denied April 21, 2000.
Certiorari Denied July 14, 2000.
D. Jeffrey Beaird, Gadsden, for appellant.
*224 Joseph L. Owen and Victor L. Miller, Jr., of Newman, Miller, Leo & O'Neal, Birmingham, for appellee.
Alabama Supreme Court 1991462.
MONROE, Judge.
This is a workers' compensation death-benefits case. Tyler NeSmith sued H & A Industrial Painting, Inc., by and through his grandfather and next friend, Winford NeSmith, seeking workers' compensation benefits based on the death of his father, Marcus Jerome Peters. After a hearing, the trial court entered a judgment denying benefits to NeSmith. NeSmith filed a motion to alter, amend, or vacate judgment, which was denied. NeSmith appeals.
This case is governed by the new Workers' Compensation Act because Peters' death occurred after the 1992 amendments to the Act. The following standard of review of workers' compensation cases under the new Act has been adopted: The Court of Appeals will view the facts in the light most favorable to the findings of the trial court. The trial court's judgment will not be reversed unless it is clear that the trial court's findings are manifestly contrary to the evidence as contained in the record as a whole or unless it is clear that fair-minded persons in the exercise of impartial judgment would adopt a contrary conclusion. Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996).
The sole issue for review is whether substantial evidence exists to support the trial court's denial of workers' compensation benefits. Section 25-5-51, Ala.Code 1975, states in part:
"Notwithstanding the foregoing, no compensation shall be allowed for an injury or death caused by the willful misconduct of the employee, by the employee's intention to bring about the injury or death of himself or herself or of another, his or her willful failure or willful refusal to use safety appliances provided by the employer or by an accident due to the injured employee being intoxicated from the use of alcohol or being impaired by illegal drugs."
"Substantial evidence" has been defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala. 1989).
The evidence in the record tends to show the following. Marcus Jerome Peters was employed by H & A Industrial Painting. On August 16, 1996, Peters was working for H & A, sandblasting and painting a water tower at a point approximately 96 feet off the ground. Peters went up on a "spider" (a device used to transport workers from the ground to the top of the tower); at some point he fell off the tower. He died as a result of the fall. It was H & A's policy that employees wear safety equipment any time they were working at a point above six feet and without handrails. A safety belt, believed to be the Peters's, was found inside the "spider" basket four to five days after the accident. The belt was not preserved for evidence.
An employer who raises the defense of willful misconduct is required to establish the defense and carry the burden of proof. Town of Addison v. Cooke, 689 So.2d 184 (Ala.Civ.App.1997). The employer must prove that the employee's injury was caused by his willful misconduct for benefits to be denied to an employee or his dependents. Id at 187.
H & A bears the burden of proving that Peters's death was caused by his willful misconduct. Id at 187; § 25-5-36, Ala.Code 1975. "Where reasonable doubt exists as to whether the employee willfully injured himself, the issue must be resolved in the employee's favor." Town of Addison, 689 So.2d at 187; Jackson v. Marshall Lumber Co., 641 So.2d 288 (Ala.Civ.App. 1994). Furthermore, in 1992, the Alabama Legislature specifically indicated that the Act was to be liberally construed to effectuate *225 the intended beneficial purposes and that all reasonable doubts should be resolved in favor of the employee. See Owsley v. Winston Furniture Co., 596 So.2d 12 (Ala.Civ.App.1992).
Benji Abbot, Peters's coworker and a witness to the accident, stated that it would be possible for a person to become detached from his safety belt unintentionally and that he could not speculate whether Peters acted intentionally. H & A offered no evidence or witnesses stating that Peters willfully failed to wear his safety equipment.
Negligent acts on the part of the employee do not preclude him from receiving workers' compensation benefits. In Maze v. Bowater, Inc. 772 So.2d 1178 (Ala.Civ.App.1999), we found that a worker who put his hand into a running conveyor system to dislodge a jammed piece of wood had inadvertently violated a safety regulation. Therefore the injury was the result of an "on-the-job accident, nothing more, nothing less." Maze at 1180. As in this case, the record in Maze contained no evidence of willful misconduct on the employee's part and no evidence that he intentionally violated a safety rule. Peters could have in fact been negligent in his failure to wear the safety belt. He also could have accidentally become detached from the belt. H & A failed to present evidence which reasonably contradicts or eliminates either of these alternative explanations. The record contains no evidence of willful misconduct and no evidence of intentional violation of safety procedures. The record indicates that Peters was killed in an on-the-job accident. Because the record contains no evidence of willful or intentional misconduct on Peters's part, the trial court erred in holding NeSmith is not entitled to workers' compensation benefits from H & A.
The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, J., concurs.
CRAWLEY, J., concurs specially.
ROBERTSON, P.J., and THOMPSON, J., concur in the result.
CRAWLEY, Judge, concurring specially.
I concur with Judge Monroe's opinion for the court, but I write separately to point out that this case is very different from Maze v. Bowater, Inc., 772 So.2d 1178 (Ala.Civ.App.1999), in which I dissented. In Maze, the worker's own testimony affirmatively established that the worker had willfully violated a safety rule.