The Circuit Court of Lauderdale County awarded workers' compensation benefits to the plaintiff Jean Staggs, as the widow of William R. Staggs, a deceased worker. Mr. Staggs had been employed by the defendant Corr Williams, Inc. The Court of Civil Appeals reversed the judgment of the circuit court. See Corr Williams, Inc. v. Staggs, 825 So.2d 814
(Ala.Civ.App. 2001). We granted certiorari review; we now reverse the judgment of the Court of Civil Appeals and remand.
The trial court made the following findings of fact:
 "1. That on April 3, 1998, William R. Staggs was employed by the defendant and both parties were subject to the [Workers'] Compensation Act of Alabama.
 "2. That on said date, William R. Staggs was employed by the defendant as a truck driver-route salesman.
 "3. That on said date, William R. Staggs, immediately after spending some 35 minutes physically loading numerous boxes and items of produce into his truck, collapsed in the computer room of the defendant and died of cardiac arrest.
 "4. That the physical activities involved in the loading of the truck were in the line and scope of William R. Staggs' employment with the defendant. That the cardiac arrest occurred within the line and scope of said employment.
 "5. That the defendant had actual notice of William R. Staggs' cardiac arrest and death.
 "6. That William R. Staggs' average weekly wage at the time of his death was $407.22.
 "7. That the plaintiff, Jean Staggs, is the widow of William R. Staggs, and was the only dependent of William R. Staggs at the time of his death.
 "8. That the defendant has paid no death benefits pursuant to § 25-5-60[, Ala Code 1975, a part of the Workers' Compensation Act].
 "9. That William R. Staggs, at the time of his death by cardiac arrest, had a latent heart disease or infirmity, and that the physical activities of his employment, as previously stated, combined with said latent condition and thereby contributed to his death by cardiac arrest.
 "10. That the physical activities performed by William R. Staggs immediately prior to his death exposed him to a danger of risk materially in excess of that to which people are normally exposed in their everyday lives."
In Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala. 1996), this Court set out the appropriate scope of appellate review of a trial court's findings in a workers' compensation action. The appellate court must determine only whether the evidence supporting the trial court's *Page 822 
findings of fact constitutes "substantial evidence," i.e., "`evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" 680 So.2d at 268 (quoting West v. Founders Life AssuranceCo., 547 So.2d 870, 871 (Ala. 1989)). If it does, then the judgment of the trial court must be affirmed. The appellate court is prohibited from reweighing the evidence, i.e., it is not to consider whether in its opinion the "substantial evidence" before the trial court might have caused the appellate court — if it had been the fact-finder — to find the facts to be different from what the trial court found them to be. See § 25-5-81(e)(2). The evidence that supports the trial court's findings of fact appears in depositions and in oral testimony. That evidence, viewed in the light most favorable to the findings of the trial court, suggests these facts[1]: Staggs was a 61-year-old employee of Corr Williams, Inc., and both he and Corr Williams were subject to the Workers' Compensation Act when Staggs died while on the job. Staggs had been employed by the defendant as a truck driver-route salesman. On April 3, 1998, he reported to work about 6:15 a.m. He delivered a truckload of products, returned to Corr Williams's place of business to pick up another load, and spent 35 minutes loading the truck. Staggs loaded approximately 120 boxes, each weighing between 8 and 25 pounds. In loading the boxes, he would take a box from a conveyor, walk a short distance to the place where the boxes were being placed in the truck, and then, reaching up, out, or down, place the box; he then would walk back to the conveyor and repeat the process until all 120 boxes had been placed in the truck. After loading the truck, he closed the back door of the truck, moved the truck, and walked to the computer room to pick up invoices. Within minutes after he had loaded the truck, Staggs collapsed. He was taken to a hospital by ambulance. Dr. Duff Austin, the emergency-room physician at the hospital where Staggs was taken, was certified in advanced cardiac life support and advanced trauma life support. He testified that, for all practical purposes, Staggs was dead when he arrived at the hospital.
Dr. Austin testified as follows:
 "Q. Can vigorous activity immediately before a person collapses or has cardiac arrest, can that be a precipitating factor to cardiac arrest?
"A. Yes, sir.
 "Q. If the facts show that he [Staggs] was involved in vigorous activity before it, that could be a contributing cause, could it not?
 "A. We'd have to assume that that was a contributing factor."
Corr Williams presented the testimony of Dr. Bradley Cavender, a cardiologist; Dr. Cavender had never seen or treated Staggs. His testimony was based solely on his review of Staggs's medical records. He said he could not determine the cause of death without an autopsy, but he expressed the opinion, based on the medical records, that the overwhelming odds were that heart disease caused Staggs's death. Dr. Cavender testified that vigorous activity immediately before a person has cardiac arrest can be a factor precipitating, initiating, or contributing to, the cardiac arrest. Dr. Cavender further testified that, in his opinion, the activities Staggs was involved *Page 823 
in immediately before he collapsed did not sound any more strenuous than walking from the parking deck of the hospital into the hospital.
The activity of Staggs was similar to the activity of the employee inEx parte Trinity Industries, Inc., supra, but for the fact that it went on for a shorter time.
This Court is persuaded that the trial court's findings of fact and its resulting judgment were supported by substantial evidence. Therefore, the Court of Civil Appeals erred in reversing the judgment. See Ala. Code 1975, § 25-5-81(e)(2). The judgment of the Court of Civil Appeals is reversed, and the case is remanded for that court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Lyons, Brown, Johnstone, Harwood, and Stuart, JJ., concur.
See and Woodall, JJ., dissent.
[1] An appellate court is to consider the evidence in a light most favorable to the findings of the trial court. See § 25-5-81(e)(2);NeSmith ex rel. NeSmith v. H A Indus. Painting, Inc., 775 So.2d 223,224 (Ala.Civ.App. 2000); and Ex parte Trinity Indus., 680 So.2d at 270.