965 So.2d 787 (2007)
Stanley B. JOHNSON
v.
JEFFERSON SMURFIT CORPORATION.
2050501.
Court of Civil Appeals of Alabama.
April 6, 2007.
Robert C. King, Monroeville, for appellant.
K.W. Michael Chambers and Joseph D. Stutz of Cabaniss, Johnston, Gardner, Dumas & O'Neal, L.L.P., Mobile, for appellee.
PITTMAN, Judge.
AFFIRMED. NO OPINION.
See Rule 53(a)(1) and (a)(2)(A), Ala. R.App. P.; Ala.Code 1975, § 25-5-81(c)(2); Ex parte Keao, 900 So.2d 442 (Ala.2004); Liberty Nat'l Life Ins. Co. v. Daugherty, 840 So.2d 152, 161 (Ala.2002); Ex parte Staggs, 825 So.2d 820, 822 n. 1 (Ala.2001); Ex parte Golden Poultry Co., 772 So.2d 1175, 1176 (Ala.2000); Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996); and Newman v. State, 623 So.2d 1171, 1172 (Ala.Civ.App.1993).
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
MOORE, J., concurs specially.
*788 MOORE, Judge, concurring specially.
I concur in the decision to affirm the judgment of the trial court denying a claim for permanent-total-disability benefits filed by Stanley B. Johnson ("the employee"). Substantial evidence fully supported the trial court's determination that the employee was not permanently and totally disabled but, instead, had sustained a 33% permanent partial disability due to a workrelated shoulder injury. The employee himself testified that he was capable of working, even arguing at one point that he could have returned to work at his former job at Jefferson Smurfit Corporation ("the employer") as an electrician. Surveillance videotapes showed that the employee could perform a variety of physical tasks, including operating heavy equipment. The employee's treating physicians agreed that the employee could return to work with restrictions placing him in the light to medium category of jobs that compose the vast majority of the labor market.
I write specially to address the employee's contention that the doctrine of judicial estoppel precludes the employer from denying that the employee is permanently and totally disabled. The employee contends that the employer deemed the employee to be permanently and totally disabled when a committee who administered the pension plan funded by the employer awarded him disability-retirement benefits and, hence, that it would be inconsistent and unfair for the employer to assert that the employee is not permanently and totally disabled for workers' compensation purposes.
In Ex parte First Alabama Bank, 883 So.2d 1236 (Ala.2003), our Supreme Court held that judicial estoppel applies when: (1) a party takes a position in a later judicial proceeding that is clearly inconsistent with its earlier position; (2) the party was successful in the prior proceeding so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. 883 So.2d at 1244-45 (quoting New Hampshire v. Maine, 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).
In Ex parte First Alabama Bank, the Court noted that the purpose of judicial estoppel is to protect the integrity of the judicial system. 883 So.2d at 1244 (quoting Rand G. Boyers, Precluding Inconsistent Statements: The Doctrine of Judicial Estoppel, 80 Nw. U.L.Rev. 1244, 1249-50 (1986)). The Court also noted that it had adopted the judicial-estoppel standards set forth in New Hampshire v. Maine in order to conform to the mainstream of jurisprudence in dealing with the doctrine of judicial estoppel. 883 So.2d at 1246. A majority of jurisdictions hold that the original position must have been asserted in a prior judicial, quasi-judicial, or administrative proceeding. See 28 Am.Jur.2d Estoppel § 75 (___). Prior Alabama law agrees with this requirement. See, e.g., Consolidated Stores, Inc. v. Gargis, 686 So.2d 268 (Ala.Civ.App.1996), overruled on other grounds, Bleier v. Wellington Sears Co., 757 So.2d 1163 (Ala.2000); and Singley v. Bentley, 782 So.2d 799 (Ala.Civ.App.2000). Nothing in the language of Ex parte First Alabama Bank indicates that the Supreme Court meant to deviate from that requirement; rather, the Court gave every indication, other than an express adoption of that requirement, that it intended to preserve that requirement as a necessary element for establishing judicial estoppel.
I believe the doctrine of judicial estoppel has no application to the present case. The process by which the plan administrator decides whether to award disability-retirement benefits is not described in the *789 plan itself, and the employee presented no evidence indicating that the plan administrator used a judicial, quasi-judicial, or administrative process to reach its decision. The pension plan provides no mechanism for the employer to present evidence either supporting or contradicting an employee's claim of disability. The employee presented no evidence demonstrating that the employer had submitted any evidence to the plan administrator or had taken any position regarding the employee's disability claim during the determination process. The plan administrator is a committee comprised of members appointed by the board of directors of a corporate entity separate and distinct from the employer. Hence, the award itself does not constitute any sort of statement by the employer.
In addition, the employer did not take a "clearly inconsistent" position by denying that the employee was permanently and totally disabled for workers' compensation purposes, because the prerequisites for receiving disability-retirement benefits under the plan differ significantly from the legal qualifications for receiving a permanent-total-disability award under the workers' compensation laws of this state. The employer also did not prevail in the disability-retirement determination process because the employee received additional retirement benefits on account of his disability. Finally, the employee was not prejudiced in the least by the alleged change of position because he still had the burden of proving a permanent total disability in this case regardless of his disability-retirement award. See Ellenburg v. Jim Walter Res., Inc., 680 So.2d 282 (Ala. Civ.App.1996). Only the employer would be prejudiced if the employee's inability to carry his burden of proof was excused by the mere fact that he had been awarded disability-retirement benefits.
I also write specially to address the employee's contention that the disability-retirement award should be construed as a conclusive admission by the employer that the employee is permanently and totally disabled for workers' compensation purposes.
As the trial court correctly concluded, the employee did not establish the award was an admission by the employer. The trial court found that the employer did not take part in the disability-retirement determination but that a committee designated by a separate corporate entity awarded the employee disability-retirement benefits. That award by the committee cannot be considered an admission by the employer under Rule 801(d)(2) of the Alabama Rules of Evidence. Even if it could, the trial court correctly reasoned that the award could not be considered a conclusive "judicial admission" but, rather, amounted merely to an "ordinary admission" that the trial court could properly consider as only one piece of evidence to be weighed along with the other evidence. See Liberty Nat'l Life Ins. Co. v. Daugherty, 840 So.2d 152, 161 (Ala.2002) (discussing the distinction between judicial and factual admissions). The trial court amply and correctly explained the reason it did not give conclusive effect to the disability-retirement award. Therefore, the employee has failed to prove any error.